**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:18-CV-637-RP |
| | § | |
| GURBIR GREWAL, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>TEMPORARY RESTRAINING ORDER</u>

Before the Court is Plaintiffs' motion for a temporary restraining order against Defendant Gurbir Grewal, in his capacity as New Jersey Attorney General. Plaintiffs' motion for a preliminary injunction is due November __; Defendant Gurbir Grewal's response is due November __; Plaintiffs' reply is due November __; a hearing will be held on November __ at __.

The motion for a temporary restraining order is granted. The Court orders that New Jersey Attorney General Gurbir Grewal[1] cease and desist from any effort to enforce Section 3(*l*)(2) of New Jersey Senate Bill 2465, which provides as follows:

> *l*. Manufacturing or facilitating the manufacture of a firearm using a three-dimensional printer. In addition to any other criminal penalties provided under law it is a third degree crime for:
> . . .
> (2) a person to distribute by any means, including the Internet, to a person in New Jersey who is not registered or licensed as a manufacturer as provided in chapter 58 of Title 2C of the New Jersey Statutes, digital instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver, magazine, or firearm component.

---

[1] In addition to New Jersey Attorney General Gurbir Grewal, this order applies against anyone that both receives actual notice of it by personal service or otherwise and is either (1) an officer, agent, servant, employee, or attorney of New Jersey Attorney General Gurbir Grewal, or (2) in active concert or participation with New Jersey Attorney General Gurbir Grewal. In addition to Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc., this order operates in favor of their officers, agents, servants, employees, and attorneys.

This order expires in 14 days unless before that time the Court, for good cause, extends it for a like period or New Jersey Attorney General Gurbir Grewal consents to a longer extension.  No security in support of this order is required.

The motion is granted for the following reasons.  Defendant Gurbir Grewal received notice of the motion and an adequate opportunity to respond.  Plaintiffs have demonstrated a strong likelihood of success on the merits of their claim that the enforcement of New Jersey Senate Bill 2465's Section 3(*l*)(2) would violate 42 U.S.C. § 1983 by subjecting the Plaintiffs, under color of state law, to an unconstitutional abridgement of First Amendment freedoms, as well as an unconstitutional deprivation of the right to be free of restraints that violate the dormant Commerce Clause and the Supremacy Clause.  In the absence of immediate preliminary relief, Plaintiffs will likely suffer the irreparable harm of violated constitutional rights.  The balance of hardships favors this order because the plaintiffs stand to lose constitutional rights forever if a needed injunction is missing; whereas the state stands to lose essentially nothing due to a brief injunction.  A temporary restraining order will serve the public interest by preventing the violation of Constitutional rights.


**SIGNED** on November  __, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE