IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § § § § § § § § § § § § § § § § § § | Case No. 1:18-CV-637-RP |
| Plaintiffs, | | |
| v. | | **Plaintiffs' Motion for Leave to File Plaintiffs' Motion for a Preliminary Injunction** |
| GURBIR GREWAL, in his official capacity as New Jersey Attorney General; MICHAEL FEUER, in his official capacity as Los Angeles City Attorney; ANDREW CUOMO, in his official capacity as New York Governor; MATTHEW DENN, in his official capacity as Attorney General of the State of Delaware; JOSH SHAPIRO, in his official capacity as Attorney General of Pennsylvania; and THOMAS WOLF, in his official capacity as Pennsylvania Governor, | | |
| Defendants. | | |

Plaintiffs Defense Distributed and the Second Amendment Foundation seek leave to file a motion for a preliminary injunction that exceeds the page limitations set by Local Rule CV-7. This motion is opposed by the sole defendant at issue, New Jersey Attorney General Gurbir Grewal.

**Argument**

Local Rule CV-7 provides that, "[u]nless otherwise authorized by the court, a dispositive motion is limited to 20 pages and a nondispositive motion is limited to 10 pages." Plaintiffs seek leave to file a 28-page motion for a preliminary injunction.

Plaintiffs' proposed motion for a preliminary injunction is attached to this filing as Exhibit A and the proposed order that accompanies it is attached as Exhibit B. An appendix containing the motion's evidence is being filed separately.

There is good cause to grant leave because Plaintiffs' motion presents important, complex issues that warrant more detailed briefing than usual. In essence, this action begins where the Court left off in *Defense Distributed v. United States Department of State*, No. 1:15-CV-372-RP (W.D. Tex.) (hereinafter *Defense Distributed I*). That case concerned the important issue of whether federal law lets the State Department halt Defense Distributed's online publication of certain digital firearms information. This action concerns similarly important issues about whether states can censor that same digital firearms information. Specifically, Plaintiffs' motion argues that Defendant Gurbir Grewal, the New Jersey Attorney General, should be enjoined from both (1) enforcing a statute that criminalizes the distribution of digital firearms information, and (2) using cease-and-desist letters and other civil legal actions to stop the Plaintiffs' distribution of digital firearms information. The motion shows how doing so violates the First Amendment's doctrine regarding content-based speech restrictions, the First Amendment's doctrine regarding overbreadth, the First Amendment's doctrine regarding criminal scienter, the Due Process Clause's vagueness doctrine, the dormant Commerce Clause, and the Supremacy Clause's doctrines regarding the Communications Decency Act of 1996 and the federal government's exclusive authority over foreign affairs. The prompt resolution of these complex arguments is important not just for the parties, but for the general public. Longer briefs than usual will help the Court achieve that by supplying a useful level of detail as to both the factual and legal aspects of each argument.

No unfairness will result from granting the requested leave. For if the Court grants the Plaintiffs leave to file a motion exceeding the default page limits, the Plaintiffs would certainly consent to a corresponding allowance of additional pages for the Defendant's response. That way, on appeal, both sides can be said to have received a full and fair opportunity to present their full argument at this critical juncture of the case.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant them leave to file the motion for a preliminary injunction attached to this filing as Exhibit A, along with the proposed order attached to this filing as Exhibit B.

Date: December 4, 2018                               Respectfully submitted,

BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores*
cflores@beckredden.com
State Bar No. 24059759
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

FARHANG & MEDCOFF
Matthew Goldstein*
mgoldstein@fmlaw.law
D.C. Bar No. 975000
4801 E. Broadway Blvd., Suite 311
Tucson, AZ 85711
(202) 550-0040 | (520) 790-5433 (fax)

Josh Blackman
joshblackman@gmail.com
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

*Admitted *pro hac vice*

Attorneys for Plaintiffs Defense Distributed
and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

On December 4, 2018, I served this filing on the following persons via CM/ECF:

>Counsel for Defendants Gurbir S. Grewal and Matthew Denn
>Kenneth W. Taber
>Ronald Casey Low
>
>Counsel for Defendant Michael Feuer
>Connie K. Chan
>James P. Clark
>Michael M. Walsh
>Jason P. Steed
>
>Counsel for Defendants Josh Shapiro and Thomas Wolf
>J. David Cabello
>John D. Kimball
>
>Counsel for Defendant Andrew Cuomo
>Pete Marketos
>Tyler Bexley
>
>Counsel for Plaintiffs
>Chad Flores
>Matthew A. Goldstein
>Joshua Michael Blackman

/s/ *Chad Flores*
Chad Flores