IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and | § | |
| SECOND AMENDMENT FOUNDATION, INC., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| GURBIR GREWAL, in his official capacity as the | § | |
| State of New Jersey's Attorney General; | § | |
| MICHAEL FEUER, in his official capacity as the | § | |
| City of Los Angeles, California's City Attorney; | § | Case No. 1:18-CV-637-RP |
| ANDREW CUOMO, in his official capacity as the | § | |
| State of New York's Governor; MATTHEW | § | |
| DENN, in his official capacity as the State of | § | |
| Delaware's Attorney General; JOSH SHAPIRO, | § | |
| in his official capacity as the Commonwealth of | § | |
| Pennsylvania's Attorney General; and THOMAS | § | |
| WOLF, in his official capacity as the | § | |
| Commonwealth of Pennsylvania's Governor, | § | |
| | § | |
| *Defendants*. | § | |

**NEW YORK GOVERNOR ANDREW M. CUOMO'S REPLY MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS
PURSUANT TO FED. R. CIV. PROC. 12(b)(1), 12(b)(2), AND 12(b)(3)**

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    Point I        PLAINTIFFS STILL HAVE NOT ESTABLISHED THAT UNDER *STROMAN REALTY, INC. V. WERCINSKI*, 513 F.3d 476 (5th Cir. 2008) THERE IS ANY PERSONAL JURISDICTION OVER GOVERNOR CUOMO IN THIS COURT……………………………………………………...………..…………2

        A.        Judicial Estoppel Does Not Apply to the Personal Jurisdiction Issue Here Because Governor Cuomo Was Not a Party to the Washington State Litigation…3

        B.        Plaintiffs' Attempt to Diminish and then Distinguish *Stroman Realty* Falls Flat……………………………………………………………………..……..5

    Point II     WITH REGARDS TO GOVERNOR CUOMO, VENUE IS STILL IMPROPER IN THE WESTERN DISTRICT OF TEXAS……………….....………………….7

    Point III    PLAINTIFFS HAVE NOT SHOWN THAT THIS ACTION IS RIPE AS AGAINST GOVERNOR CUOMO UNDER *GOOGLE, INC. V. HOOD*, 822 F.3d 212 (5th Cir. 2016)………..…………………………………….....…..8

CONCLUSION....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Bigham v. Envirocare of Utah, Inc.*,
  123 F. Supp. 2d 1046 (S.D. Tex. 2000) ...............................................................8

*Brandon v. Interfirst Corp.*,
  858 F.2d 266 (5th Cir. 1988) ...............................................................................3

*Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*,
  179 F.3d 197 (5th Cir. 1999) ...............................................................................3

*Calder v. Jones*,
  465 U.S. 783 (1984).........................................................................................5, 7

*Cedillo v. Valcar Enters. & Darling Del. Co.*,
  773 F. Supp. 932 (N.D. Tex. 1991) .....................................................................6

*Google, Inc. v. Hood*,
  822 F.3d 212 (5th Cir. 2016) ......................................................................... 1, 8-9

*Google, Inc. v. Hood*,
  96 F. Supp. 3d 584 (S.D. Miss. 2015), rev'd, 822 F.3d 212.................................9

*State of Washington v. United States Dep't of State*,
  2:18-CV-1115-RSL (W.D. Wash.) ........................................................................3

*Logan Int'l v. 1556311 Alta. Ltd.*,
  929 F. Supp. 2d 625 (S.D. Tex. 2012) .................................................................7

*Mercer v. McKenzie Tank Lines, Inc.*,
  2018 U.S. Dist. LEXIS 109892 (S.D. Tex. July 2, 2018)......................................7

*Perry v. Blum*,
  629 F.3d 1 (1st Cir. 2010)................................................................................. 3-4

*Shia v. Boente*,
  2017 U.S. Dist. LEXIS 199772 (S.D. Tex. Nov. 16, 2017)...................................6

*Stroman Realty, Inc. v. Wercinski*,
  513 F.3d 476 (5th Cir. 2008) ..................................................................... passim

*Walden v. Fiore*,
  571 U.S. 277 (2014)........................................................................................2, 5

**CONSTITUTIONS**

U.S. Constitution Due Process Clause ............................................................................1

N.Y.S. Constitution.........................................................................................................4

**FEDERAL STATUTES**

28 U.S.C.
    § 1391(b)(2) ............................................................................................................8

**RULES**

Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) .................................1

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), on November 19, 2018, Defendant Andrew M. Cuomo, the Governor of the State of New York, filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt No. 55. Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc. ("Plaintiffs") opposed that motion on December 12, 2018. Dkt. No. 73. For the reasons set forth in his opening memorandum of law and for those further reasons set forth below in this reply memorandum of law, Governor Cuomo respectfully requests that the Court dismiss this action as against him in its entirety.

## PRELIMINARY STATEMENT

As noted in Governor Cuomo's opening memorandum of law, Plaintiffs have attempted to hale the New York Governor into the United States District Court in Texas simply because he sent a single cease and desist letter from New York to Texas and made a single telephone call from New York to Plaintiffs' counsel in Texas reiterating the same points made in that cease and desist letter. But in his opening brief Governor Cuomo established that *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008), is a case directly on point requiring dismissal of this action as against him. In that case, the Fifth Circuit held that when a *government official* from another state does exactly what Governor Cuomo has allegedly done here, those actions do *not* create the type of "minimum contacts" that are necessary under either the Texas long-arm statute or the Due Process Clause of the U.S. Constitution to create personal jurisdiction. *Id*. at 483-89.

In their opposition brief, Plaintiffs attempt to distinguish *Stroman Realty* and argue that it does not even apply here because of judicial estoppel, but as is firmly established below, they utterly fail in that task. Plaintiffs also completely fail to establish that venue is proper in this District Court in Texas. And they absolutely fail to show that this case is ripe for review under the Fifth Circuit's holding in *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016). Thus, for all of these reasons, Governor Cuomo's Motion to Dismiss should be granted by the Court.

1

**ARGUMENT**

**POINT I**

**PLAINTIFFS STILL HAVE NOT ESTABLISHED THAT UNDER *STROMAN REALTY, INC. V. WERCINSKI*, 513 F.3d 476 (5th Cir. 2008) THERE IS ANY PERSONAL JURISDICTION OVER GOVERNOR CUOMO IN THIS TEXAS DISTRICT COURT.**

In *Stroman Realty Inc. v. Wercinski*, 513 F.3d 476, the Fifth Circuit concluded that an out-of-state *government official* did not expressly create a forum in Texas by doing things like sending cease and desist letters to a Texas-based business and contacting that Texas-based business' lawyers. Those facts should surely sound familiar to this Court because they are precisely the same set of facts that Plaintiffs allege here against a *government official* – Governor Cuomo. *See* Dkt. No. 23, First Amend. Complt., ¶¶ 102-108, and Exhibit I. Yet the holding of the Fifth Circuit in *Stroman Realty* was that, when the out-of-state *government official* was merely attempting to uphold and enforce the laws of his or her own state, that cannot create personal jurisdiction in Texas. 513 F.3d at 484. This case is directly on point and it controls the outcome of Governor Cuomo's motion.

Plaintiffs try to wiggle out from under the crushing weight that the *Stroman Realty* precedent puts on them by making three weak arguments. First, Plaintiffs assert that *Stroman Realty* does not even apply here because the doctrine of judicial estoppel supposedly prevents Governor Cuomo from raising the issue of personal jurisdiction in the first instance. Second, Plaintiffs suggest that *Stroman Realty* is no longer good law, citing *Walden v. Fiore*, 571 U.S. 277 (2014). Third, Plaintiffs assert that even if it is good law, *Stroman Realty* can be easily distinguished from the facts here. All three of these contentions are meritless.

2

### A. Judicial Estoppel Does Not Apply to the Personal Jurisdiction Issue Here Because Governor Cuomo Was Not a <u>Party</u> to the Washington State Litigation

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988).  The purpose of the doctrine is "to protect the integrity of the judicial process", by "preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (internal quotation marks, parentheses, and citation omitted).  Again, the doctrine is intended to protect the judicial system, rather than the litigants. *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999). Courts have identified "at least two limitations on the application of the doctrine": (1) "it may be applied only where the position of *the party* to be estopped is clearly inconsistent with *its* previous one"; and (2) "*that party* must have convinced the court to accept that previous position." *Id.* at 206 (emphasis added).

Without spelling out their argument for the Court with absolute clarity, Plaintiffs in all reality assert that Governor Cuomo cannot raise a personal jurisdiction defense here because New York's ***Attorney General*** – which is Barbara D. Underwood – joined in with seven other sister States and the District of Columbia in the litigation brought in the Washington State District Court, *i.e., State of Washington v. United States Dep't of State*, 2:18-CV-1115-RSL (W.D. Wash.).  More specifically, Plaintiffs assert that it is inconsistent for "New York" (which is the general language that Plaintiffs use) to bring a lawsuit in Washington State while at the same time denying personal jurisdiction against "New York" in Texas.  Dkt. No. 73 at 9.

However, the doctrine of judicial estoppel simply does not apply here because "the party against whom judicial estoppel is invoked must be *the same party* who made the prior (inconsistent) representation." *Perry v. Blum*, 629 F.3d 1, 9 (1st Cir. 2010) (emphasis added).

3

In New York State, however, the Attorney General – who brought and presently litigates the Washington State case – *holds a completely separate constitutional office than the Governor*. N.Y.S. Constitution, art. V, sec. 1.  The Attorney General is not appointed by the Governor; rather each are entirely separate constitutional officers of the State of New York.  *Id.*  So, because courts "refuse to apply judicial estoppel to one party based on the representations of an unrelated party," *Perry*, 629 F.3d at 9 (citing *Tenn. ex rel. Sizemore v. Surety Bank*, 200 F.3d 373, 381-82 (5th Cir. 2000); *Parker v. Wendy's Int'l, Inc*., 365 F.3d 1268, 1272 (11th Cir. 2004); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001)), the doctrine of judicial estoppel simply does not apply here.

In other words, because (1) New York's Attorney General and Governor Cuomo are *not* the same party; (2) New York's Attorney General does *not* work for Governor Cuomo; (3) Governor Cuomo *cannot* direct the Attorney General to take any particular litigation stance, and (4) Governor Cuomo is *not* alleged to have been involved in the Washington State litigation in any way, it follows that judicial estoppel cannot apply in this circumstance.

Furthermore, it cannot even be said that New York's Attorney General affirmatively took a contrary position in the Washington State litigation from the position that Governor Cuomo raises here in this Texas District Court.  Stated differently, at no time did New York's Attorney General either implicitly or explicitly assert that the Plaintiffs would have personal jurisdiction over Governor Cuomo in Texas.  Indeed, when that Washington State litigation began, Governor Cuomo had not even sent the cease and desist letter to Defense Distributed and he had not yet even made the telephone call to Plaintiffs' counsel.  *See* First Amend. Complt., ¶¶ 103, 108.  Also, Plaintiffs do not allege that Governor Cuomo's name was even mentioned once during the Washington State litigation.  Hence, the doctrine of judicial estoppel is completely inapplicable for these additional reasons.

**B. Plaintiffs' Attempt to Diminish and then Distinguish *Stroman Realty* Falls Flat**

Plaintiffs assert in their opposition brief that the "[c]ease-and-desist letters deployed to Defense Distributed in Texas are the keystone conduct that subjects each defendant to specific jurisdiction in Texas." Dkt. No. 73 at 11. In making this argument, the Court might at first wonder if Plaintiffs purposely overlook the fact that cease and desist letters were also at issue in *Stroman Realty* and that the Fifth Circuit explicitly held that they were *insufficient* to create personal jurisdiction in Texas against out-of-state government officials. 513 F.3d at 484. Yet Plaintiffs appear to make their contrarian argument because, in their view, the Fifth Circuit should simply "revisit" its holding in *Stroman Realty*. Dkt. No. 73 at 12. Although they confidently cite to *Walden v. Fiore* to assert that the Fifth Circuit simply got *Stroman Realty* wrong, the cavalier claim that *Stroman Realty* is no longer good law is pure nonsense.

This is so because, in *Walden*, the Supreme Court did nothing more than detail the facts and holding of *Calder v. Jones*, 465 U.S. 783 (1984), and in *Calder*, the Supreme Court had held that there are certain occasions when an intentional tort committed outside of the state, one that has consequences or "effects" within the state, will suffice as a basis for jurisdiction in a suit arising from those consequences if the "effects" are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct. *Calder*, 465 U.S. at 789. The *Walden* court found, though, that the *Calder* holding was inapplicable to the facts and circumstances at issue in that case. 571 U.S. at 288-90. Likewise, the *Stroman Realty* court carefully examined *Calder*'s facts and holding and it too determined that they were inapplicable to create personal jurisdiction. 513 F.3d at 485-86. Indeed, as the *Stroman Realty* court properly put it, "the Commissioner was *not* engaged in *commercial transactions* to obtain a *commercial benefit* by acting in a *governmental capacity* to enforce Arizona law. Because no such benefit accrues to the Commissioner from her activities relating to Texas, any jurisdiction based upon her having

5

caused an 'effect' in Texas is likewise misplaced." 513 F.3d at 485 (emphasis added). *Walden* does not impact this holding at all. Indeed, it is quite clear that *Stroman Realty* is still seen as good law within the Fifth Circuit, as it has been recently cited with approval, *see Shia v. Boente*, 2017 U.S. Dist. LEXIS 199772, at *13 (S.D. Tex. Nov. 16, 2017) ("[t]he Fifth Circuit has rejected the idea that a nonresident government official may be haled into a Texas court") (citing with approval *Stroman Realty*, 513 F.3d at 485), and it should therefore certainly be applied by this Court. *See Cedillo v. Valcar Enters. & Darling Del. Co.*, 773 F. Supp. 932, 936 (N.D. Tex. 1991) ("As a district court bound by Fifth Circuit precedent, this court first turns to decisions of the circuit court to ascertain whether they command the outcome in this case.").

Plaintiffs also assert that *Stroman Realty* can be easily distinguished from the facts at issue here because "New York" (acting though its **Attorney General**, not Governor Cuomo) assisted seven other States and the District of Columbia to obtain a "*nationwide* injunction" in the Washington State District Court litigation. Dkt. No. 73 at 12. In making this argument, Plaintiffs cite from the following language of *Stroman Realty*: "Stroman does not allege the Commissioner has made any contacts with Texas apart from hypothetical contacts she may make with other prospective timeshare vendors while attempting to assert 'nationwide' authority." 513 F.3d at 484. To begin, the Fifth Circuit continued the thought it was making by stating immediately thereafter: "Based on such minimal known contacts, the Commissioner, a nonresident state official, could not have reasonably anticipated being haled into federal court in Texas to defend her enforcement of the Arizona statute." *Id*. But even more important than this statement, it is quite clear that in *Stroman Realty*, the Fifth Circuit was confronted with a governmental official that was acting on a *nationwide* basis to enforce the laws of her state, including by sending *other* cease and desist letters – perhaps even dozens and dozens of them – to *other* individuals within Texas. *Id*. Yet this factor still did not create "minimum contacts" in

Texas. *Id.* It logically flows, then, that Governor Cuomo's *single* cease and desist letter is likewise deficient to create personal jurisdiction in Texas.

Furthermore, it is well-established law that "[e]ach defendant's contacts with the forum State must be assessed *individually*." *Calder*, 465 U.S. at 790 (emphasis added); *Logan Int'l v. 1556311 Alta. Ltd.*, 929 F. Supp. 2d 625, 631 (S.D. Tex. 2012) (same). Applying that crucial principle here, the fact that the New York's **Attorney General** was (and is) involved in the Washington State litigation and obtained a "nationwide injunction" cannot create "minimum contacts" in Texas as related to a *separate* New York government official – Governor Cuomo. Indeed, it is simply not permissible for Plaintiffs to cobble together the actions of New York's Attorney General with the actions of Governor Cuomo to determine if *Governor Cuomo* can be haled into a Texas district court, since that would not be an *individual* assessment of Governor Cuomo's contacts. It is Governor Cuomo's actions – and his actions alone – that determine if minimum contacts exist. And they clearly do not.

*Stroman Realty* is, therefore, the hinge case upon which this entire jurisdictional issue turns and it acts to slam the door on there being any claim to personal jurisdiction over Governor Cuomo here in Texas.

## POINT II

## WITH REGARDS TO GOVERNOR CUOMO, VENUE IS STILL IMPROPER IN THE WESTERN DISTRICT OF TEXAS.

First of all, "[w]hen a court dismisses a claim for lack of personal jurisdiction, a motion to dismiss for improper venue becomes moot." *Mercer v. McKenzie Tank Lines, Inc.*, 2018 U.S. Dist. LEXIS 109892, at *12 (S.D. Tex. July 2, 2018). Thus, since this Court should rightly grant dismissal for lack of personal jurisdiction here, the venue issue should become moot.

7

Nonetheless, invoking 28 U.S.C. § 1391(b)(2), Plaintiffs assert venue here because, as they state, "a substantial part of the *property* that is subject of the action is situated here."  First Amend. Complt., ¶ 24 (emphasis added).  In truth, though, Plaintiffs' claims against Governor Cuomo are clearly based upon *actions* – not *property* – that Governor Cuomo took in *New York*, not in Texas.  Indeed, as is noted in his opening brief, Governor Cuomo is based in New York, the sole cease and desist letter was sent from New York, and Governor Cuomo made the sole telephone call to Plaintiffs' counsel from New York.  Furthermore, it is undisputed that *Governor Cuomo makes no claim to the supposed "property" asserted by Plaintiffs as being at issue here*, that being the Plaintiffs' computer servers and/or computer files containing instructions on how to produce untraceable and nearly-undetectable 3-D guns.  Stated differently, Governor Cuomo has not attempted to get Plaintiffs to turn over the 3-D gun-related servers or computer files; he has instead threatened legal action *in New York* if Defense Distributed distributes that uniquely dangerous material to New York residents.  That, quite simply, makes the *location* of the supposed *property* at issue here completely irrelevant.  This is entirely determinative because, as noted in Governor Cuomo's opening brief, in deciding whether or not venue is proper, district courts "look[] to the *defendant's conduct*, and *where* that *conduct* took place."  *Bigham v. Envirocare of Utah, Inc*., 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (emphasis added).  Under this standard, venue is improper here in Texas.

## POINT III

### PLAINTIFFS HAVE NOT SHOWN THAT THIS ACTION IS RIPE AS AGAINST GOVERNOR CUOMO UNDER *GOOGLE, INC. V. HOOD*, 822 F.3d 212 (5th Cir. 2016).

In his opening brief, Governor Cuomo cited this Court to *Google, Inc. v. Hood*, 822 F.3d 212, a declaratory judgment challenge in which the Fifth Circuit held that a non-self-executing

subpoena that the Mississippi Attorney General issued to Google was not ripe for review in federal district court.  Plaintiffs have wholly failed to distinguish the present case from *Google*, and thus dismissal on ripeness grounds is also warranted based upon that case.

As background, before Google responded to the Mississippi Attorney General's subpoena, and before Google sought relief in Mississippi state court related to that subpoena, Google filed a declaratory judgment challenge to the subpoena in federal court.  *Id.* at 219. There, Google alleged, among other things, that the Mississippi Attorney General's investigation violated its immunity rights under a federal statute, and that any further proceedings to enforce the subpoena would likewise violate those same rights.  *Id.* at 219-20.  The Mississippi Attorney General moved to dismiss the case on numerous grounds, including that Google's claims were not ripe for adjudication.  *Google, Inc. v. Hood*, 96 F. Supp. 3d 584, 592 (S.D. Miss. 2015), rev'd, 822 F.3d 212.  The district court disagreed, however, and found that the claims were ripe because "Google is not required to expose itself to civil or criminal liability before bringing a declaratory action to establish its rights under federal law, particularly where the exercise of those rights have been threatened or violated."  *Id.* at 594.  But the Fifth Circuit reversed the district court and held that the "administrative subpoena was not ripe for adjudication."  *Google*, 822 F.3d at 224.

The Fifth Circuit so held for three specific reasons: (1) the subpoena was "non-self-executing," meaning that Google could not be sanctioned for not complying with it; (2) the Mississippi Attorney General could, but did not file a state court action to enforce Google's compliance; and (3) if the Mississippi Attorney General did file such a suit, Google could raise its claimed federal immunity rights as a defense in state court.  *Google*, 822 F.3d at 225-26.

As Governor Cuomo argued in his opening brief, this case is clearly analogous to the matter at bar.  The cease and desist letter at issue in the present case is also not self-executing;

9

instead, if Defense Distributed refuses to comply with it, Governor Cuomo would have to decide whether to initiate a nuisance action against Defense Distributed.  And if Governor Cuomo decided to bring a nuisance action in a New York State court, Plaintiffs could raise before that state court all of the objections that it raises here.  That quite frankly means that, under *Google*, this matter is not yet ripe for review.  Nothing that Plaintiffs assert in their opposition brief, including their passing mention of *Google* in a footnote related to the issue of "standing", not "ripeness", *see* Dkt. No. 73 at 4 n.2, adequately distinguishes *Google* from the matter at bar. Thus dismissal is appropriate on ripeness grounds as well.

## CONCLUSION

In summary, the Court should grant Governor Cuomo's Motion to Dismiss for the reasons advanced in Governor Cuomo's opening memorandum of law and those advanced here in his reply memorandum of law.

Dated: December 19, 2018
      Dallas, Texas

Respectfully submitted,

**REESE MARKETOS LLP**

By:  */s/ Pete Marketos*
      Pete Marketos
      State Bar No. 24013101
      pete.marketos@rm-firm.com
      Tyler J. Bexley
      State Bar No. 24073923
      tyler.bexley@rm-firm.com
      750 N. Saint Paul St., Suite 600
      Dallas, Texas 75201-3201
      214.382.9810 telephone
      214.501.0731 facsimile

      **ATTORNEYS FOR DEFENDANT
      N.Y. GOVERNOR
      ANDREW M. CUOMO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Chad Flores, Esq.
Daniel N. Hammond, Esq.
Jonathan F. Mitchell, Esq.
Matthew A. Goldstein, Esq.
Mary Kathryn Raffetto
Joshua Michael Blackman, Esq.

*Counsel for Defendant Gurbir S. Grewal*
Kenneth W. Taber, Esq.
Ronald Casey Low, Esq.
Benjamin D. Tievsky, Esq.

*Counsel for Defendant Michael Feuer*
Connie K. Chan, Esq.
James P. Clark, Esq.
Jason P. Steed, Esq.
Michael M. Walsh, Esq.

*Counsel for Defendant Matthew Denn*
Ronald Casey Low, Esq.
Benjamin D. Tievsky, Esq.

*Counsel for Defendants Josh Shapiro and Thomas Wolf*
J. David Cabello, Esq.
John D. Kimball, Esq.

*/s/ Tyler J. Bexley*
Tyler J. Bexley

11