IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 1:18-CV-637-RP |
| Plaintiffs, | § § | |
| v. | § § | **Plaintiffs' Reply in Support of Plaintiffs' Motion for a Preliminary Injunction** |
| GURBIR GREWAL, in his official capacity as New Jersey Attorney General; MICHAEL FEUER, in his official capacity as Los Angeles City Attorney; ANDREW CUOMO, in his official capacity as New York Governor; MATTHEW DENN, in his official capacity as Attorney General of the State of Delaware; JOSH SHAPIRO, in his official capacity as Attorney General of Pennsylvania; and THOMAS WOLF, in his official capacity as Pennsylvania Governor, | § § § § § § § § § § § § | |
| Defendants. | § | |

**REPLY**

The New Jersey Attorney General's response presents few original arguments. Instead, it relies mainly upon his Rule 12 motion to dismiss, Dkt. 57, and the Court's orders regarding temporary restraining orders, Dkt. 53, 69. The Court should reject this effort for the reasons given by the Plaintiffs' response to the motion to dismiss, Dkt. 73, and their filings regarding the TROs, Dkts. 52, 66. The response's other scattered points should be rejected for the following reasons.

**I.      No prior order addresses civil enforcement efforts.**

The response says that the Court should deny this motion because of how the Court viewed the Plaintiffs' prior requests for a TRO. However, neither TRO decision addressed civil enforcement efforts because neither TRO motion presented them. The instant motion presents the civil part of this case for the first time, and it differs from the Section 3(*l*)(2) issues in key respects.

Namely, the Court's prior conclusions about abstention and imminent harm with respect to the Section 3(*l*)(2) speech crime, *see* Doc. 69 at 9-10, do *not* apply to the civil enforcement efforts. Even if the threatened enforcement of Section 3(*l*)(2) warrants abstention (Plaintiffs disagree), the New Jersey Attorney General's civil enforcement efforts do not warrant abstention. And even if the threatened enforcement of Section 3(*l*)(2) does not pose a sufficient threat of harm (Plaintiffs disagree), the civil enforcement efforts do meet the harm test that applies in this context. The reason is simple: The Section 3(*l*)(2) speech crime has not been applied, but the civil enforcement efforts have. Hence, the record shows both the nature of these enforcement efforts and their harms.

Apart from Section 3(*l*)(2), the New Jersey Attorney General's civil enforcement efforts are working to censor all of the "printable-gun computer files" (digital firearms information) that Defense Distributed publishes. The July 26 cease-and-desist letter does so in no uncertain terms: "You are directed to cease and desist from publishing printable-gun computer files for use by New Jersey residents." Dkt. 65-5 at 1. On its face, this sweeping act of censorship has already chilled

1

the Plaintiffs' speech. New Jersey's state courts cannot alter conduct that has already occurred and is ongoing. As to the civil enforcement actions, *Pullman* abstention is therefore a non sequitur.

The irreparable harms caused by the New Jersey Attorney General's civil enforcement efforts are not just "imminent" future occurrences (though they are at least that). They are also "actual" ongoing occurrences with proven harms. The cease-and-desist letter and other civil enforcement efforts are—at this very moment—both stopping the Plaintiffs from engaging in the protected speech that the efforts expressly target and producing an additional unconstitutional chilling effect.[1] These actions constitute actual irreparable harms that the civil enforcement efforts will continue to inflict unless a preliminary injunction is issued.

## II. The Washington action's preliminary injunction is not a barrier to relief.

The response says that, "[t]o the extent that Plaintiffs' activities have already been enjoined, or effectively enjoined, by the Court in the Washington Action, Plaintiffs lack Article III standing." Dkt. 78 at 7. It also makes this same point as a way of denying irreparable harm. *Id.*

The Court should reject every version of this argument because the Washington action's preliminary injunction does *not* stop the Plaintiffs from engaging in the speech at issue. *See* Dkt. 67 at 5 & n3; *id.* at 26 & n.14; Dkt. 73 at 2-8. Procedurally, it does not do so because it issues directions to the State Department alone—not the Plaintiffs. Substantively, it does not do so because it decides only whether two past State Department actions complied with the Administrative Procedure Act—not whether the Plaintiffs have an ongoing constitutional right to publish the files at issue on the internet, mail them to U.S. persons inside the United States, advertise them, and/or distribute them by other lawful means. Accordingly, as a matter of both law and fact, the Plaintiffs are refraining from publishing the *Defense Distributed I* Files (and files

---

[1] The complaint pleads this, *see* FAC ¶¶ 3, 7, 66-87, 116-19, the motion for a preliminary injunction argues it, Dkt. 67 at 3, 6, 25-28, and evidence proves it, *see* Dkt. 65-26 ¶¶ 23, 28-32 (including the effort to "otherwise censor" Plaintiffs); Dkt. 65-21 ¶¶ 7-9; Dkt. 65-22 ¶¶ 6-8.

2

like them) not because of the Washington action's injunction, but because of what this motion seeks to enjoin—the New Jersey Attorney General's ongoing civil enforcement efforts against all "printable-gun computer files" and his threatened enforcement of the Section 3(*l*)(2) crime. *See, e.g.*, Dkt. 65-26 ¶¶ 28-32 ("Because of New Jersey's effort to criminalize and otherwise censor the distribution of digital firearms information, Defense Distributed refrains from engaging in the following constitutionally protected activities that it would otherwise conduct lawfully. . . .").

The fact that the New Jersey Attorney General's repressive conduct has successfully caused the Plaintiffs to engage in self-censorship does not *weaken* the motion. It *strengthens* it by constituting an ongoing, actionable chilling effect. *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006) ("To satisfy standing requirements…this type of self-censorship must arise from a fear of prosecution that is not 'imaginary or wholly speculative.'").

The response also fails to show why the Washington action's injunction could deprive the Plaintiffs of standing or irreparable harm with respect to Defense Distributed's publication of digital firearms information via the U.S. mail. *See* Dkt. 67 at 7-8. Indeed, in a filing made just last week, the New Jersey Attorney General told the court in Washington that "there is no dispute that federal law does not prohibit the Private Defendants from distributing the files domestically to U.S. persons, including through the mail."[2]

Finally, to the extent that a meaningful conflict between this action and the Washington action were to arise, this action would necessarily take precedence because it was filed first. *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues"); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

---

[2] *State of Wash. v. U.S. Dep't of State*, No. 2:18-cv-1115-RSL, Dkt. 159 at 3 (W.D. Wash.).

### III. Personal jurisdiction arguments do not warrant denying the motion.

The Court should reject the response's argument about personal jurisdiction for the three reasons set forth in the Plaintiffs' response to the motion to dismiss, Dkt. 73 at 8-14. Several particularly severe errors in the response's treatment of this issue call for close attention.

The response tries to evade estoppel by saying that the jurisdictional issues in the Washington action and this case are "wholly unrelated" and "entirely unrelated." Dkt. 78 at 6. But the same keystone event controls personal jurisdiction in both cases: a Texas-based website publishing digital firearms information online. If Defense Distributed can be sued anywhere for publishing digital firearms information on that Texas-based website, New Jersey's Attorney General can be sued in Texas for acting to shut down that Texas-based website. Whatever theory supports "minimum contacts" in the former case necessarily also supports them in the latter.[3]

Even if there were doubt about personal jurisdiction, the issue cannot be fully adjudicated *yet* because of the need to conduct jurisdictional discovery. *See* Dkt. 73 at 14. The New Jersey Attorney General's only answer is to say that the current complaint does not plead the jurisdictional facts to be discovered with particularity. Dkt. 82 at 9. But the rules do *not* require that such facts be pleaded with particularity; and even if they did, such a requirement could be met by amending the complaint, which Rule 15 would let the Plaintiffs do. *See* Dkt. 78 at 5 (response conceding that Plaintiffs need only show a "reasonable probability of ultimate success" as to jurisdiction).

---

[3] The New Jersey Attorney General also still does not show why the "minimum contacts" of its constitutional due process argument have to be with Texas alone instead of the nation as a whole. *See* Dkt. 73 at 11 n.6. It argues about what statute (federal versus state) governs service of process. But the Texas statute was satisfied because the New Jersey Attorney General did "business" and "commit[ed] a tort in whole or in part" in Texas. Tex. Civ. Prac. & Rem. Code § 17.042. Moreover, compliance with rules and statutes is irrelevant because the New Jersey Attorney General's Rule 12 motion argued about nothing but constitutional "restrictions on the exercise of personal jurisdiction by a federal court," which are not the same as the "the due process limits on the exercise of specific jurisdiction by a State." *Bristol-Myers Squibb Co. v. Superior Court of Cal, San Francisco County*, 137 S. Ct. 1773, 1783–84 (2017).

Finally, the argument about personal jurisdiction does not defeat this motion because it is *not* necessarily case-dispositive. The motion to dismiss says that, if this personal jurisdiction argument is correct, it would be proper for the Court to have the action "transferred to any district in which it could have been brought pursuant to Federal Rule of Civil Procedure 12(b)(3), such as New Jersey." Doc. 57 at 7. In that case—if the Court were to do what the New Jersey Attorney General has asked for and transfer the action to New Jersey instead of dismiss—the Plaintiffs' justification for a preliminary injunction would be unaffected by the personal jurisdiction debate.

## IV. Plaintiffs will likely succeed on the merits and the remaining factors weigh heavily in favor of an injunction.

Legally, the response's merits arguments repeat what the motion to dismiss said, and should be rejected for the reasons explained in the Plaintiffs response thereto, Dkt. 73 at 16-22. The response also fails to supply any evidence whatsoever – including as to important technical issues such as the nature of the computer files at issue. With no competing evidence on file, the Plaintiffs' proof establishes that "the digital firearms information at issue here qualifies as First Amendment speech under all of the applicable modern precedents." Dkt. 67 at 14 & n.8.

Finally, the response's purported balance of the equities and public interest incorrectly assumes that the Plaintiffs have a meritless case, thereby putting *nothing* on the Plaintiffs' side of scale. Dkt. 78 at 8-9. But of course, the Court will only reach this part of the analysis after having concluded that the Plaintiffs will likely prevail on the merits, in which case the need to protect the constitutional rights at issue will outweigh any countervailing interests for the reasons set forth in the motion (that are unrebutted). *See* Dkt. 67 at 27.

## CONCLUSION

The motion for a preliminary injunction should be granted.

Date: December 26, 2018.

Respectfully submitted,

BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores*
cflores@beckredden.com
State Bar No. 24059759
Daniel N. Hammond*
Texas State Bar No. 24098886
dhammond@beckredden.com
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

FARHANG & MEDCOFF
Matthew Goldstein*
mgoldstein@fmlaw.law
D.C. Bar No. 975000
4801 E. Broadway Blvd., Suite 311
Tucson, AZ 85711
(202) 550-0040 | (520) 790-5433 (fax)

Josh Blackman
joshblackman@gmail.com
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

*Admitted *pro hac vice*

Attorneys for Plaintiffs Defense Distributed
and Second Amendment Foundation, Inc.

**CERTIFICATE OF SERVICE**

On December 26, 2018, I served this filing on the following persons via CM/ECF:

    Counsel for Defendants Gurbir S. Grewal and Matthew Denn
    Kenneth W. Taber
    Ronald Casey Low

    Counsel for Defendant Michael Feuer
    Connie K. Chan
    James P. Clark
    Michael M. Walsh
    Jason P. Steed

    Counsel for Defendants Josh Shapiro and Thomas Wolf
    J. David Cabello
    John D. Kimball

    Counsel for Defendant Andrew Cuomo
    Pete Marketos
    Tyler Bexley

    Counsel for Plaintiffs
    Chad Flores
    Daniel N. Hammond
    Matthew A. Goldstein
    Joshua Michael Blackman


/s/ *Chad Flores*
Chad Flores