IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., § § § *Plaintiffs*, § § v. § § GURBIR GREWAL, in his official capacity as the § State of New Jersey's Attorney General; § MICHAEL FEUER, in his official capacity as the § City of Los Angeles, California's City Attorney; § ANDREW CUOMO, in his official capacity as the § State of New York's Governor; MATTHEW § DENN, in his official capacity as the State of § Delaware's Attorney General; JOSH SHAPIRO, § in his official capacity as the Commonwealth of § Pennsylvania's Attorney General; and THOMAS § WOLF, in his official capacity as the § Commonwealth of Pennsylvania's Governor, § § *Defendants*. § | Case No. 1:18-CV-637-RP |

**NEW YORK GOVERNOR ANDREW M. CUOMO'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE
JUDGMENT PURSUANT TO FED. R. CIV. PROC. 59(e)**

# Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT.......................................................................................................................... 2

    Point I       PLAINTIFFS CONTINUE TO IGNORE THE PLAIN FACT THAT, UNDER *STROMAN REALTY, INC. V. WERCINSKI*, 513 F.3d 476 (5th Cir. 2008), THERE IS NO PERSONAL JURISDICTION OVER GOVERNOR CUOMO IN THIS TEXAS DISTRICT COURT……………………..………..…………2

        A.    *Stroman Realty* is on point and it properly controlled the outcome of this case…………………………………………………………………………...2

        B.    *Wien Air* is completely misplaced here and it does not control the outcome in this case………………………………………………………………………3

CONCLUSION...................................................................................................................... 4

Defendant Andrew M. Cuomo, the Governor of the State of New York, hereby opposes the Federal Rules of Civil Procedure 59(e) motion of Plaintiffs Defense Distributed and Second Amendment Foundation, Inc., a motion that seeks to have this Court alter and reverse its January 30, 2019 Order dismissing this action in its entirety. Dkt. No. 100. Governor Cuomo respectfully requests that the Court deny the Plaintiffs' Rule 59(e) motion since it is completely without merit.

## PRELIMINARY STATEMENT

As stated in Governor Cuomo's motion to dismiss papers, *see* Dkt. Nos. 55 and 79, Plaintiffs attempted to hale the New York Governor into the United States District Court in Texas simply because he sent a single cease and desist letter from New York to Texas and made a single telephone call from New York to Plaintiffs' counsel in Texas reiterating the same points made in that cease and desist letter. Dkt. No. 23, First Amend. Complt., ¶¶ 102-108, and Exhibit I. This Court prevented that injustice, however, and it dismissed the action against Governor Cuomo, as well as the other defendants. Dkt No. 100.

Now Plaintiffs seek to have this Court set aside its well-reasoned Order, and they do so by citing an inapposite Fifth Circuit case to the Court – *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) – while Plaintiffs completely ignore a Fifth Circuit case that is directly on point – *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) – the primary case that this Court relied upon to reach its holding. This Court should have none of it.[1]

---

[1] The second point of Plaintiffs' argument – *i.e*., that they should have been provided with a discovery opportunity or leave to amend – is only addressed to Defendant Gubir Grewal, so it will not be addressed by Governor Cuomo here.

# ARGUMENT

## POINT I

**PLAINTIFFS CONTINUE TO IGNORE THE PLAIN FACT THAT, UNDER *STROMAN REALTY, INC. V. WERCINSKI*, 513 F.3d 476 (5th Cir. 2008), THERE IS NO PERSONAL JURISDICTION OVER GOVERNOR CUOMO IN THIS TEXAS DISTRICT COURT.**

To begin with, the Fifth Circuit has made it quite clear that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). This is because "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Thus, since granting a Rule 59(e) motion is such an extraordinary remedy, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993). And that is certainly the case here.

*A.     Stroman Realty* **is on point and it properly controlled the outcome of this case.**

As this Court is well aware, in *Stroman Realty Inc. v. Wercinski*, 513 F.3d 476, the Fifth Circuit concluded that an out-of-state government official did not expressly create a forum in Texas by doing things like sending cease and desist letters to a Texas-based business and contacting that Texas-based business' lawyers. In its January 30, 2019 Order, this Court recognized that these facts were precisely the same set of facts that Plaintiffs alleged here against other government officials – including Governor Cuomo. *See* Dkt. No. 100, p. 9; *see also* Dkt. No. 23, First Amend. Complt., ¶¶ 102-108, and Exhibit I. Thus, this Court properly applied the holding of the Fifth Circuit in *Stroman Realty*, which was that when the out-of-state government

2

official was merely attempting to uphold and enforce the laws of his or her own state, that cannot create personal jurisdiction in Texas. 513 F.3d at 484. In other words, this Court held that *Stroman Realty* is directly on point and it controls the outcome of Governor Cuomo's motion, as well as the motions of the other defendants. Dkt. No. 100, p. 9. Plaintiffs failed to even mention *Stroman Realty* in their Rule 59(e) motion, much less than try to distinguish it. In short, *Stroman Realty* is fatal to Plaintiffs' bid to harass Governor Cuomo and the other defendants by haling them into a Texas court.

### B. *Wien Air* is completely misplaced here and it does not control the outcome in this case.

Plaintiffs try to completely upend this Court's Order by citing to a Fifth Circuit case that is inappropriate to the fact of this case, that of *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208. In *Wien Air*, an Alaskan corporation based in Texas sued a German attorney in Texas. The corporation's suit alleged fraud, fraudulent inducement, and breach of contract and fiduciary duties. The case was removed to federal court and later dismissed for lack of personal jurisdiction. The Fifth Circuit reversed, however, stating that even a single act by defendant directed toward Texas that gives rise to a cause of action by plaintiff can be sufficient to support a finding of minimum contacts. 195 F.3d at 211, 216. According to the plaintiff's allegations in that case, the defendant performed several tortious actions outside of Texas that were directed toward the plaintiff in Texas. These actions took the form of letters, faxes, and phone calls from the defendant to the plaintiff. Crucially important, though, in these communications, the defendant made fraudulent misrepresentations and promises that failed to disclose material information. Regarding these communications, the Fifth Circuit stated: "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment. The defendant is purposefully availing himself of 'the

3

privilege of causing a consequence' in Texas." 195 F.3d at 213. Not so here, though.

In this case, Plaintiffs do not allege that *the communications themselves – i.e*., the cease and desist letter and the single telephone call from Governor Cuomo – were fraudulent misrepresentations and promises that failed to disclose material information. And this makes all the difference. It plainly shows why *Wien Air* is inapplicable here and it does not control the outcome of this case. In fact, a district court within the Fifth Circuit had to address another litigant who failed to recognize this important distinction, and here is what that court stated:

> Because Plaintiff's tort claims are based on conduct that occurred completely outside of Louisiana, her reliance on *Calder*, *Wien Air*, and *Guidry* is misplaced. These cases do not stand for the proposition that intentional tortious conduct performed outside of the forum equals jurisdiction in the forum when the injury is experienced by a resident of the forum. *See Sangha v. Navig8 Shipmgt. Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). In fact, this is precisely what the Supreme Court clarified in *Walden v. Fiore*. ***The holdings of those case are far more nuanced and demonstrate that the jurisdictional hook attaches when the communication of <u>false information</u> into the forum itself causes injury to the plaintiff in the forum***. In such a situation, some part of the tortious conduct upon which the tort cause of action is based has occurred in the forum even though the tortfeasor was not physically present in the forum when he launched his tortious communications. … Plaintiff is not similarly situated to the plaintiffs in *Calder*, *Wien Air*, and *Guidry* whose tort injuries arose out of the communication itself that was transmitted to their forum.

*Shopf v. Griggers*, 2018 U.S. Dist. LEXIS 48195, at *6-7 (E.D. La. Mar. 23, 2018) (emphasis added). Because there was no "false information" in the cease and desist letter, nor in the telephone call to the Plaintiffs' counsel, *Wien Air* is simply inapplicable here and Plaintiff's Rule 59(e) motion is meritless.

## **CONCLUSION**

In conclusion, the Court should deny Plaintiffs' Rule 59 (e) motion in its entirety.

4

Dated: March 4, 2018          Respectfully submitted,
Dallas, Texas

                                  **REESE MARKETOS LLP**

By: */s/ Pete Marketos*
     Pete Marketos
     State Bar No. 24013101
     pete.marketos@rm-firm.com
     Tyler J. Bexley
     State Bar No. 24073923
     tyler.bexley@rm-firm.com
     750 N. Saint Paul St., Suite 600
     Dallas, Texas 75201-3201
     214.382.9810 telephone
     214.501.0731 facsimile

     **ATTORNEYS FOR DEFENDANT**
     **N.Y. GOVERNOR**
     **ANDREW M. CUOMO**

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Chad Flores, Esq.
Daniel N. Hammond, Esq.
Jonathan F. Mitchell, Esq.
Matthew A. Goldstein, Esq.
Mary Kathryn Raffetto
Joshua Michael Blackman, Esq.

*Counsel for Defendant Gurbir S. Grewal*
Kenneth W. Taber, Esq.
Ronald Casey Low, Esq.
Benjamin D. Tievsky, Esq.

*Counsel for Defendant Michael Feuer*
Connie K. Chan, Esq.
James P. Clark, Esq.
Jason P. Steed, Esq.
Michael M. Walsh, Esq.

*Counsel for Defendant Matthew Denn*
Ronald Casey Low, Esq.
Benjamin D. Tievsky, Esq.

*Counsel for Defendants Josh Shapiro and Thomas Wolf*
J. David Cabello, Esq.
John D. Kimball, Esq.

                                               */s/ Tyler J. Bexley*
                                               Tyler J. Bexley