IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., <br><br>*Plaintiffs*, <br><br>vs. <br><br>GURBIR GREWAL, in his official capacity as the State of New Jersey's Attorney General; MICHAEL FEUER, in his official capacity as the City of Los Angeles, California's City Attorney; ANDREW CUOMO, in his official capacity as the State of New York's Governor; MATTHEW DENN, in his official capacity as the State of Delaware's Attorney General; JOSH SHAPIRO, in his official capacity as the Commonwealth of Pennsylvania's Attorney General; and THOMAS WOLF, in his official capacity as the Commonwealth of Pennsylvania's Governor, <br><br>*Defendants*. | Civil Action No. 1:18-CV-637 |

**DEFENDANTS THOMAS WOLF AND JOSH SHAPIRO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT**

Defendants Thomas Wolf and Josh Shapiro, who have been sued in their official capacities as Governor and Attorney General of the Commonwealth of Pennsylvania (collectively, the "Pennsylvania Defendants"), file their Response in Opposition to Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.'s (collectively, "Defense Distributed") Motion to Alter or Amend the Judgment (the "Motion"), and would respectfully show the Court the following:

**PRELIMINARY STATEMENT**

The Court correctly dismissed this action for lack of personal jurisdiction on January 30, 2019 and should not revisit that earlier ruling. *See* ECF No. 101. Defense Distributed's contention that the Court committed manifest error by failing to apply *Wien Air Alaska, Inc. v. Brandt*, 195

F.3d 208 (5th Cir. 1999) ("Wien Air") is untimely, incorrect and, as far as the Pennsylvania Defendants are concerned, irrelevant. Defense Distributed's argument is *untimely* because a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). It is *incorrect* because personal jurisdiction over foreign state public officials is governed by the far more factually analogous Fifth Circuit decision in *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008). And it is *irrelevant* because, even if personal jurisdiction exists where "the actual content of communications with a forum gives rise to intentional tort causes of action," *see* Motion at 2 (quoting *Wien Air Alaska, Inc.,* 195 F.3d at 213), the Pennsylvania Defendants, did not send – and are not alleged to have sent – any such communications to Defense Distributed in Texas.

The Court should deny Defense Distributed's Motion for each of these independently dispositive reasons.

## ARGUMENT[1]

### A. Applicable Legal Standard.

A motion under FED. R. CIV. P. 59(e) must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A "[m]anifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez*

---

[1] The Pennsylvania Defendants note that Defense Distributed also claims that the Court erred in denying its request for jurisdictional discovery of "Defendant Gurbir Grewal's agency relationship with [certain] gun control groups." *See* Motion at p. 3. Because this request for jurisdictional discovery was only made in response to Defendant Gurbir Grewal's motion to dismiss, and the discovery-related argument in the Motion is addressed only to Defendant Gurbir Grewal, the Pennsylvania Defendants will not address that argument here.

*v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). Alternatively, relief is also appropriate where there has been an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* (citations omitted). "While a district court has 'considerable discretion' to grant or deny a motion under Rule 59(e), reconsideration is an extraordinary remedy that courts should use sparingly." *Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 U.S. Dist. LEXIS 123755, at *3 (W.D. Tex. Jul. 24, 2018) (Pitman, J.) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The Court should have no difficulty finding that Defense Distributed has failed to meet this high standard. Here is why.

**B.    Defense Distributed's Argument is Untimely.**

As noted above, Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d at 567. The genesis of Defense Distributed's Motion is that *Wien Air* – a case decided by the Fifth Circuit in 1999 – controls the Court's personal jurisdiction analysis. However, the Motion fails to offer any explanation for why this argument was not advanced "before the judgment." *See id.* Defense Distributed certainly could have raised the *Wien Air* argument in its extensive motion to dismiss briefing, but it chose not to. *See id.* It may not do so now in the context of a Rule 59(e) motion. For this reason alone, the Motion should be denied.

**C.    Personal Jurisdiction Over Foreign State Public Officials is Controlled by *Stroman Realty, Inc.*, <u>Not</u> *Wien Air.***

*Wien Air* does not control the personal jurisdiction analysis in this case. In *Wien Air*, an Alaskan corporation based in Texas sued a German attorney in Texas. The defendant attorney was

3

alleged to have sent letters and faxes to the plaintiff in Texas which contained fraudulent misrepresentations and promises and failed to disclose material information. Regarding these communications, the Fifth Circuit stated: "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." *See* 195 F.3d at 211, 216. As subsequent courts have acknowledged, *Wien Air* is nuanced, "and demonstrate[s] that the jurisdictional hook attaches when the communication ***of false information*** into the forum itself causes injury to the plaintiff in the forum." *See Shopf v. Griggers*, 2018 U.S. Dist. LEXIS 48195, at *6-7 (E.D. La. Mar. 23, 2018) (emphasis added).

Defense Distributed has not alleged that any of the defendants communicated false information to them in writing, in Texas. Instead, Defense Distributed invites the Court to commit error by extending the "nuanced" *Wien Air* holding to confer personal jurisdiction over all 42 U.S.C. § 1983 claims against foreign state public officials who send a cease-and-desist letter to a Texas resident. *See* Motion at p. 3. That, of course, is an invitation that the Fifth Circuit declined nine years after *Wien Air*, when it decided *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) (finding no personal jurisdiction in Texas over § 1983 claim against Arizona public official who sent cease-and-desist letter to Texas resident).

The parallels between this case and *Stroman Realty, Inc. v. Wercinski* are undeniable. The Court appropriately applied that controlling authority, and it correctly found that no personal jurisdiction exists. There is no reason to revisit that decision at this time.

**D.    The Pennsylvania Defendants Did Not Send a Cease-and-Desist Letter to Defense Distributed in Texas.**

Finally, even if *Wien Air* provides the correct personal jurisdiction rubric for this case (which it does not), that case has absolutely no impact on the Pennsylvania Defendants. *Wien Air* stands for the proposition that personal jurisdiction may exist where "the actual content ***of***

***communications with a forum*** gives rise to intentional tort causes of action." 195 F.3d 208, 213 (emphasis added). The jurisdictional hook here, according to Defense Distributed, is the sending of cease-and-desist letters into Texas. *See* Motion at p. 3 ("Just as in Wien Air, communications such as the cease-and-desist letter that Defendant Gurbir Grewal delivered into Texas were themselves a distinct tort—the constitutional tort Congress codified in 42 U.S.C. § 1983.") (emphasis). This is irrelevant inasmuch as the Pennsylvania Defendants did not send a cease-and-desist letter to Defense Distributed in Texas, and Defense Distributed has never alleged that the Pennsylvania Defendants did. *See* Amended Complaint at ¶76 ("On July 26, 2018, *New Jersey Attorney General Gurbir Grewal* issued Defense Distributed a formal cease-and-desist letter."); ¶96 ("On July 30, 2018, *Delaware Attorney General Matt Denn* sent Defense Distributed a cease-and-desist letter."); ¶103 ("On July 31, 2018 *New York Governor Andrew Cuomo* sent Defense Distributed a cease-and-desist letter.").

While the Pennsylvania Defendants disagree that the sending of a cease-and-desist letter to a Texas resident is sufficient to establish personal jurisdiction, there is no dispute that the Pennsylvania Defendants did not engage in any such conduct. Defense Distributed's Motion should therefore be denied for this additional reason.

## **CONCLUSION**

Accordingly, the Pennsylvania Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiffs' claims with prejudice, and for such other and further relief (including the imposition of sanctions against the Plaintiffs), at law or in equity, to which the Pennsylvania Defendants may show themselves to be justly entitled.

Dated: March 6, 2019.　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:    */s/ J. David Cabello*
                                    J. David Cabello
                                    Attorney-in-Charge
                                    Texas Bar No. 03574500
                                    Joshua A. Huber
                                    Texas Bar No. 24065457
                                    BLANK ROME LLP
                                    717 Texas Avenue, Suite 1400
                                    Houston, Texas 77002
                                    Telephone: (713) 228-6601
                                    Facsimile: (713) 228 6605
                                    E-mail: dcabello@blankrome.com
                                    E-mail: jhuber@blankrome.com

                                    John D. Kimball (pending pro hac vice)
                                    BLANK ROME LLP
                                    N.Y. Bar No. 1416031
                                    The Chrysler Building
                                    405 Lexington Ave.
                                    New York, NY 10174 (212) 885-5000
                                    E-mail: jkimball@blankrome.com

                                  **ATTORNEYS FOR THE PENNSYLVANIA DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing and/or attached document was filed electronically in compliance with Local Rule CV-5(a) on March 6, 2019, and was therefore served on all counsel who are deemed to have consented to electronic service through the Court's CM/ECF system. Local Rule CV-5(b)(1).

                                              */s/ Suzie L. Wilson*
                                              Suzie L. Wilson