IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, | § § § | Case No. 1:18-CV-637 |
| *Plaintiffs,* | § § | |
| v. | § § § | |
| GURBIR S. GREWAL, in his official capacity as the State of New Jersey's Attorney General ; MICHAEL FEUER, in his official capacity as the City of Los Angeles, California's City Attorney; ANDREW CUOMO, in his official capacity as the State of New York's Governor; MATTHEW DENN, in his official capacity as the State of Delaware's Attorney General; JOSH SHAPIRO, in his official capacity as the Commonwealth of Pennsylvania's Attorney General; and THOMAS WOLF, in his official capacity as the Commonwealth of Pennsylvania's Governor, | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**DEFENDANT LOS ANGELES CITY ATTORNEY MICHAEL FEUER'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Michael Feuer, the City Attorney of Los Angeles, files this opposition to Plaintiffs' Motion to Alter or Amend the Judgment under FRCP 59(e). Dkt. 102.

**<u>INTRODUCTION</u>**

Plaintiffs continue to pursue their frivolous claims against Mr. Feuer and the other Defendants, but there is nothing in Plaintiffs' Rule 59(e) motion which provides any substantive basis for a challenge to the existing Judgment. Dkt. 101. Plaintiffs offer no new facts regarding

Mr. Feuer, and do not even suggest any change in the applicable law.  In short, they provide nothing to support their argument that the Court should reconsider its detailed analysis finding no personal jurisdiction as to Mr. Feuer.  Dkt. 100.  Thus, in making their argument to amend or alter the Judgment, Plaintiffs implicitly continue to rely solely on a letter Mr. Feuer sent to the Court in *Defense Distributed I*, in which he never appeared, and a press release that was not directed at either Texas or Plaintiffs – circumstances which are patently insufficient to support specific jurisdiction.  *See* Dkt. 50.  In fact, in their motion Plaintiffs do not even mention or address Mr. Feuer or the authorities cited in his Motion to Dismiss.  Instead, Plaintiffs offer a generic minimum contacts argument already rejected by this Court, while ignoring the controlling cases, particularly *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) ("*Stroman Realty*").  Dkt. 100, at 8-13.  Plaintiffs' second argument appears to be directed only at defendant Gurbir S. Grewal, and it would be frivolous and unsupported as to Mr. Feuer in any case.  The Court should put an end to Plaintiffs' charade and deny their motion.

## ARGUMENT AND AUTHORITIES

### I. There Is No Specific Jurisdiction Over Mr. Feuer.

Plaintiffs largely disregard the Order's detailed six-page specific jurisdiction analysis, focusing only on the Court's unsurprising and brief comment that jurisdiction cannot be based on the "fortuity" of a plaintiff residing in the subject state.  See Dkt. 102, at 2-3; Dkt. 100, at 8-13.  This reference, however, merely describes the foundational doctrine that minimum contacts must be based on the defendant's actions, and not on the actions or location of the plaintiff.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).  While Plaintiffs attempt to dodge this rule, they do not challenge it.

2

The Court's conclusion that no minimum contacts exist here followed *Stroman Realty*, the facts of which closely align with the instant case. In *Stroman Realty*, the Fifth Circuit found no personal jurisdiction over an Arizona public official seeking to enforce her own state's laws, even though the resulting effects were felt by the plaintiff property owner – a Texas resident. *Id.*, at 486. A cease and desist order and correspondence to the plaintiff in Texas did not constitute "directing activity towards the forum state" or "purposeful availment" of the benefits of Texas' laws. *Id.* at 484-85. Those actions were designed to "uphold and enforce the laws of Arizona" and created no "commercial benefit" needed to support specific jurisdiction. *Id*. *Stroman Realty* further rejected an assertion of personal jurisdiction as unreasonable, given the relative interests of the states, the risk of inconsistent decisions, and federalism concerns. *Id*. at 487-88. Because Mr. Feuer had even fewer contacts than those addressed in *Stroman Realty*, and was merely seeking to uphold California laws, *Stroman Realty* compelled his dismissal. Having no response not already rejected by the Court, and no basis to distinguish *Stroman Realty*, Plaintiffs ignore both that decision and its holding.

Instead, Plaintiffs inexplicably cite *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (1999), a case readily distinguishable from the facts presented here. In *Wien Air Alaska*, plaintiff asserted claims of "fraud, fraudulent inducement, and breach of contract and fiduciary duties" against Brandt, a foreign individual. *Id*. at 211. The Fifth Circuit concluded there was specific jurisdiction over Brandt, based in part on "letters, faxes, and phone calls to Texas by Brandt whose contents contained fraudulent misrepresentations and promises and whose contents failed to disclose material information." *Id*. at 211-12. Brandt's many communications with Wein in Texas were part of their continuing business and professional relationship for over two years and the court emphasized that *"the actual content of communications with [Texas] [gave] rise to*

*intentional tort causes of action.*" *Id*. at 213 (emphasis added). In finding specific jurisdiction, *Wien Air Alaska* distinguished other cases in which, like this case, "the communications with the forum did not actually give rise to the cause of action." *Id.* at 213.

In stark contrast to *Wien Air Alaska*, Plaintiffs here emphatically denied that they were seeking to base liability on Mr. Feuer's letter to the Court in *Defense Distributed I*, or on his press release. *See* Dkt. 59 at 13-14 ("[Plaintiffs] are *not* basing liability on the letter and press release …. Those actions are relevant to the case, but not because they themselves are the actionable conduct. They are relevant only insofar as they show the kind of actionable conduct that *is about to take place.*"). Thus, Plaintiffs themselves have distinguished this case from the primary holding in *Wien Air Alaska*.

As further grounds for distinction, *Wien Air Alaska* found additional support for specific jurisdiction in Brandt's activities on two trips to Texas, which included: obtaining confidential information he would use against Wien and misrepresentations that induced the transfer of nearly one million dollars and supported a finding of detrimental reliance. *Id*., at 214. In stark contrast, Mr. Feuer's sole contact with Texas was the letter sent to the Court in *Defense Distributed I*, urging the Court to grant someone else's motion regarding the continued enforcement of federal regulations in a matter to which Mr. Feuer was not a party. See Dkt. 100 at 12-3. Even now, Plaintiffs do not contend that Mr. Feuer conducted any business of any kind in Texas. In any case – as the Court previously held – *Stroman Realty* dictates the dismissal of Mr. Feuer and all the defendants, and Plaintiffs have not challenged that conclusion.

## II. Plaintiffs Do Not Justify Their Futile Attempt to Prolong this Matter.

Plaintiffs' request to extend this futile exercise even further through amended pleadings or jurisdictional discovery also fails. This argument, however, is expressly limited to defendant

4

Gurbir S. Grewal, as confirmed in Plaintiffs' conclusion. Dkt. 102 at 6. Any attempt to recast the scope of this request in their reply would be futile, as Plaintiffs' motion has failed to properly raise these issues as to Mr. Feuer.

First, Plaintiffs never previously mentioned the possibility of further amending their allegations or of jurisdictional discovery in opposing Mr. Feuer's Motion to Dismiss. Dkt. 59. Motions to alter or amend the judgment under FRCP 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007).

Second, Plaintiffs make no attempt to justify any discovery regarding Mr. Feuer's contacts with Texas. "When a plaintiff requests discovery on personal jurisdiction facts, it must make a 'preliminary showing of jurisdiction.'" *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F.Supp.3d 524, 545 (S.D. Texas 2017); citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum v. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).

Finally, Plaintiffs have not justified another amended complaint, and have not even adequately raised the issue. "[A] bare request . . . without any indication of the particular grounds on which the amendment is sought" does not constitute a motion for leave to amend. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Oddly, Plaintiffs cite *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-5 (5th Cir. 2003), which affirmed the district court's denial of a request to file an amended complaint through a motion to alter or amend the judgment. As in *Rosenzweig*, Plaintiffs have failed to offer any new facts that would justify an amended complaint. See, *id*.

5

## **CONCLUSION**

Plaintiffs have provided no grounds to justify altering or amending the Judgment in this matter at all, and none regarding Mr. Feuer. Even if the Court were to reconsider its previous ruling regarding personal jurisdiction (and there is no basis for doing so), Mr. Feuer established multiple grounds for dismissing the claims against him. Dkt. 50. The Court should deny this Motion.

Dated this 6th day of March, 2019                                   Respectfully Submitted,


*James P. Clark*
California Bar No. 64780
Los Angeles City Attorney's Office
200 North Main Street, 8th Floor
Los Angeles, CA  90012
Tel: (213) 978-8100
james.p.clark@lacity.org

*Michael M. Walsh*
California Bar No. 150865
Los Angeles City Attorney's Office
200 North Main Street, 8th Floor
Los Angeles, CA  90012
Tel: (213) 978-2209 / Fax: (213) 978-0763
michael.walsh@lacity.org

*Connie K. Chan*
California Bar No. 284230
Los Angeles City Attorney's Office
200 North Spring Street, 14th Floor
Los Angeles, CA  90012
Tel: (213) 978-1864
connie.chan@lacity.org

*Jason P. Steed*
Texas State Bar No. 24070671
KILPATRICK TOWNSEND &
    STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX  75201
Tel: (214) 922-7112; Fax: (214) 853-5731
jsteed@kilpatricktownsend.com

*COUNSEL OF RECORD*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing and/or attached document was filed electronically in compliance with Local Rule CV-5(a) on March 6, 2019, and was therefore served on all counsel who are deemed to have consented to electronic service through the Court's CM/ECF system. Local Rule CV-5(b)(1).

*/s/ Michael Walsh*
Michael Walsh
