IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., *Plaintiffs*, vs. GURBIR GREWAL, in his official capacity as the State of New Jersey's Attorney General; and MATTHEW DENN, in his official capacity as the State of Delaware's Attorney General, et al. *Defendants*. | Case No. 1:18-CV-637 |

**DEFENDANTS GURBIR S. GREWAL AND MATTHEW DENN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND THE <u>JUDGMENT</u>**

Defendants Gurbir Grewal, the Attorney General of the State of New Jersey ("NJAG"), and Matthew Denn, the Attorney General of the State of New Jersey ("DAG"), file this motion in opposition to the motion to amend the judgment entered by Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. ("Plaintiffs"), who seek to have this Court essentially reverse its January 30, 2019 Order dismissing this action. *See* Dkt. 102. The NJAG and DAG respectfully request that the Court deny Plaintiffs' Rule 59(e) motion as it is meritless.[1]

## ARGUMENT

Plaintiffs' Rule 59(e) motion to amend the judgment of this Court should be denied, as Plaintiffs do not come close to meeting the high burden imposed by Rule 59(e) to enact this extraordinary remedy. "A motion to alter or amend judgment must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus. & Energy Workers Int'l Union Local*, 328 F.3d 818, 820 (5th Cir. 2003)). The Fifth Circuit recognizes that "[r]econsideration of a previous order is an extraordinary remedy that should be used sparingly." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009).

**I.   There is No Manifest Error of Law in the Judgment that the Court Lacked Specific Jurisdiction Over Defendants.**

As an initial matter, Plaintiffs' Rule 59(e) motion is a blatant attempt to improperly relitigate specific jurisdiction—as this matter was already briefed and argued before the Court. Rule 59(e) motions are not a chance for Plaintiffs to get a second bite of the apple and "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry

---

[1] Earlier this evening Defendants moved for additional time to file this response based on a technical difficulty experienced by undersigned counsel. Dkt. 106. Since that time counsel received delayed emails confirming approval to file and from Plaintiffs counsel agreeing to the extension. Because an extension is no longer necessary, Defendants withdraw the request for extension of time.

2

of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1987)). As stated above, Rule 59(e) motions are only for the limited purpose of "allowing a party to correct *manifest errors* of law or fact, or to present newly discovered evidence." *Ross*, 426 F.3d at 763 (emphasis added).

Despite the impropriety of the grounds upon which Plaintiffs file this Rule 59(e) motion, the record definitively shows that this Court does not have specific jurisdiction over the NGAJ nor the DAG, and nothing in the Plaintiffs' motion does anything to disprove the basis for the Court's January 30, 2019 order. *See* Dkt. 100; Dkt. 102. Plaintiffs couch their argument on the proposition that "a single [intentional tort] by [a defendant] directed toward Texas that gives rise to a cause of action…*can* support a finding of minimum contacts" *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999) (emphasis added). However, Plaintiffs' argument summarily ignores both the substance of the *Wein Air* opinion as well as later Fifth Circuit opinions including unavoidably analogous controlling precedent in *Stroman Realty v. Wercinski*, 513 F.3d 476 (5th Cir. 2008).

The *Wien Air* decision dealt with repeated communications containing fraudulent misrepresentations made by a nonresident defendant directed at a resident plaintiff in the forum. *Wien Air*, 195 F.3d at 213. And in that case, those communications gave rise to an intentional tort, which constituted purposeful availment of the laws of Texas. *Id.* But unlike the case of *Wien Air*, this case is not one involving an intentional tort in the form of communications aimed at the state of Texas, rather Plaintiffs claim they will experience harm in Texas if laws are enforced elsewhere such as in New Jersey and Delaware. More recent Fifth Circuit decisions have made it clear that mere injury to a forum resident is insufficient to constitute purposeful availment—making the proper question not "whether [plaintiff] experienced an injury or effect in a particular location, but

3

whether [defendant]'s conduct connects it to the forum in a meaningful way." *Sangha v Navig8 Ship Mgmt. Private Ltd.*, 882 F.3d 96, 104 (5th Cir. 2018).

Further, the Fifth Circuit has also more recently ruled in a factually analogous case that a nonresident government official sending a cease-and-desist letter to a forum resident in order to enforce the nonresident's state law does not create sufficient minimum contacts under an effects jurisdiction analysis to allow personal jurisdiction. *Stroman Realty*, 513 F.3d at 486. In *Stroman*, the Arizona Department of Real Estate Commissioner sent Stroman a cease-and-desist letter, as Stroman was violating Arizona law through its real estate practices in Texas. And despite both parties seemingly agreeing the cease-and-desist letter could constitute a tort, the Fifth Circuit found that the contacts created by the cease-and-desist letter's effects in the forum did not rise to the level of minimum contacts necessary to exercise personal jurisdiction over Arizona government officials in Texas. *Id.* at 480–81. The Court explained that a finding of personal jurisdiction in such a case would indeed be "based entirely on the unilateral actions and decisions of [the plaintiff] …[which] cannot satisfy the requirement of contact with the forum state." *Id.* at 485–87 (citation omitted).

As this Court properly found in its January 30, 2019 order, *Stroman* controls here. Defendants are alleged to have sent cease-and-desists letter to Plaintiffs in Texas in an effort to uphold their duty to enforce the laws of their respective states. Absolutely nothing in Plaintiffs' motion distinguishes this case from *Stroman*, in fact, Plaintiffs do not even take the time to mention *Stroman*. *See* Dkt. 102. In short, as stated by Governor Cuomo, "*Stroman Realty* is fatal to Plaintiffs' bid to harass [Defendants] by haling them into Texas Court," and Plaintiffs' complete radio silence in addressing *Stroman* renders it no less effective. *See* Dkt. 103.

## II. There is No Manifest Error of Law in Denying Plaintiffs Jurisdictional Discovery and Leave to Amend

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is discretionary, and "discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 955 (5th Cir. 2000). "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe Gmbh*, No. 3:14-CV-3300-B, 2015 WL 4162599, at *2, 6 (N.D. Tex. July 9, 2015).

### A. Plaintiffs Cannot Impute Personal Jurisdiction Based on *Defense Distributed I*

Plaintiffs' argument that the relatedness requirement between two causes of action to assert personal jurisdiction is "not as strenuous as the order presupposes" is erroneous. *See* Dkt. 102 at 3. While it is true that "voluntarily filing a lawsuit in a jurisdiction . . . can subject a party to personal jurisdiction in another lawsuit only when the lawsuits arise from the same general transaction," the facts of the present action are patently different from those in *Defense Distributed I*—including the fact that the NJAG was not a party to that suit. *See Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.] 2003, pet denied).

5

*Defense Distributed I* concerned the prepublication approval requirement for technical data published on the internet as applied to the 3D gun files, a requirement imposed by two federal laws—the Arms Export Control Act ("AECA") and the International Traffic in Arms Regulation ("ITAR"). The case did not involve any actions by the NJAG, let alone any other state official or state laws, which comprise the entire subject matter of the second action at issue here. Simply put, the district court was well within its discretion here because the instant action does not arise from the same nucleus of operative facts as *Defense Distributed I* and did not involve the NJAG invoking the jurisdiction of this Court.

Additionally, the 18 cases Plaintiffs cite in footnotes one and two of their motion do not warrant a finding of personal jurisdiction here. In fact, only one of the cases cited by Plaintiffs actually found that a common nucleus of operative fact existed between two causes of action—namely one action that dealt with federal patent law and the other dealt with a state infringement claim. *Neuralstem, Inc. v. StemCells*, Inc., 573 F. Supp. 2d 888, 898 (D. Md. 2008). Notwithstanding the out of circuit nature of that case, *Neuralstem* is easily distinguishable as the two actions involved the same parties and the same transaction or occurrence concerning the patent matter. *Id.* at 898. As this Court is well aware, the NJAG was not a party to the previous action, did not avail himself to this forum by filing a previous lawsuit here, and this case is a completely different "transaction or occurrence" than *Defense Distributed I*. Plaintiffs cannot impose personal jurisdiction upon the NJAG based on a completely different case to which NJAG was not a party.

### B. Plaintiffs Cannot Impute Personal Jurisdiction from Unrelated Groups.

Even if one were to presuppose that these two actions concerning violation of completely different laws did fulfill the relatedness requirement to find personal jurisdiction over the gun control groups Plaintiffs allege were involved in *Defense Distributed I*, it is well established that

the groups' contacts with Texas cannot be imputed to the NJAG. "The purposeful availment requirement insures that the nonresident defendant's contact must result from its purposeful contact, *not the unilateral activity of the plaintiff or a third party*." *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 138 (Tex. App.—Houston [14th Dist.] 2003, pet denied) (emphasis added). To impute the "contacts of a third party to the defendant under an agency theory, the defendant must exercise control over the third party's activities in the forum by 'directing its agents or distributors to take action there.'" *Fellowship Filtering Tech., LLC v. Alibaba.com, Inc.*, No. 2:15-cv-2049-JRG, 2016 WL 6917272, at *2 (E.D. Tex. Sept. 1, 2016) (*citing Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014)). Importantly, "under both agency and alter ego theories, personal jurisdiction cannot be exercised over a defendant on the basis of unilateral acts of third parties." *Id.* at *3. "Even under a theory of imputed contacts, the defendant must deliberately . . . engage[] in significant activities within a State in order for exercise of personal jurisdiction to comport with due process." *Id.*

Here, Plaintiffs alleged in conclusory fashion that "[t]here are very colorable reasons to believe that these groups litigated in Texas at the direction of one or more of the defendants…." *See* Dkt. 73. Such conclusory allegations do not establish an agency relationship. *See, e.g.*, *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of NY, Inc.*, 889 F. Supp. 2d 912, 927 (S.D. Tex. 2012) (declining to impute contacts of third-party to defendant where plaintiff merely made "conclusory assertions" of an agency relationship); *see also Fellowship Filtering Tech.*, 2016 WL 6917272, at *5 (declining to impute contacts of Alibaba Group to Alibaba.com, where plaintiff failed to show that Alibaba.com "directed its agents or distributors to take action in the jurisdiction"). Consequently, the Court was well within its discretion in rejecting Plaintiffs' agency theory argument.

7

### C. This Court was correct in the standard it applied.

Plaintiffs' argument that the Court somehow applied the wrong pleading standard in denying Jurisdictional Discovery based on Plaintiffs' conclusory pleadings is also wrong. While Rule 8 imposes a minimal standard of only "a short and plain statement of the grounds for the court's jurisdiction," instructive case law on the plain statements necessary to establish jurisdictional discovery show Plaintiffs' pleadings do not pass muster. FED. R. CIV. P. (8)(a)(1). For example, jurisdictional discovery may be denied when the movant fails to specify acts it believes discovery would uncover. *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe Gmbh*, No. 3:14-CV-3300-B, 2015 WL 4162599, at *2, 6 (N.D. Tex. July 9, 2015) (denying jurisdictional discovery where movant fails to specify facts it believes discovery would uncover).

Here, Plaintiffs are asking for jurisdictional discovery to obtain hypothetical facts for a relationship it never even alleged existed. *See* Dkt. 100 at 23. While Rule 8 may be liberal in its requirements of a short and plain statement of the grounds for the court's jurisdiction, such flexibility does not extend to encompass any manner of hypothetical relationships and facts that the plaintiff later asserts without basis. Additionally, this Court's denial of Plaintiffs' informal leave to amend was proper. As a preliminary matter, "[a] bare request in opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). While Rule 15(a) does not require a formal request, a sufficient Rule 15 statement must provide indication of the grounds for amendment. *Waggoner v. Denbury Onshore, L.L.C.*, 612 F. App'x 734, 740 (5th Cir. 2015).

Plaintiffs' informal leave to amend is almost identical to the one rejected in *Waggoner*. There, the request for leave to amend was "tacked on" as a statement in a response to a motion to dismiss, and simply stated "[i]f the Court finds that the Plaintiffs have failed to plead particular

elements of a claim (or that they have alleged facts without enough specificity), then the Plaintiffs would request the opportunity to amend their complaint." *Id.* Plaintiffs' statement here reads, "[i]n the event that the Court grants the any [sic] of motions to dismiss in whole or in part, Plaintiffs request leave to amend their complaint to cure any defects." Dkt. 73 at 20. Both statements are identical in that they are the "bare request[s]" that are insufficient to constitute a motion under Rule 15(a). As the similarities between the request for leave to amend in *Waggoner* and Plaintiffs' request here are undeniable, the Court's denial of Plaintiffs' request for leave to amend was correct.

**Conclusion**

For the foregoing reasons, Defendants Gurbir Grewal, the Attorney General of the State of New Jersey, and Matthew Denn, the Attorney General of the State of Delaware, respectfully request that the Court deny Plaintiffs' motion to alter or amend the judgment.

DATED: March 6, 2019.

                                          Respectfully submitted,

                                          **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                          By: */s/ Casey Low*
                                                 Casey Low
                                                 Texas Bar No. 24041363
                                                 401 Congress Ave., Suite 1700
                                                 Austin, Texas 78701-4061
                                                 Phone: (512) 580-9600
                                                 Fax:   (512) 580-9601
                                                 casey.low@pillsburylaw.com

                                                 Kenneth W. Taber (admitted *pro hac vice*)
                                                 Alexander D. Hardiman
                                                 Pillsbury Winthrop Shaw Pittman, LLP
                                                 1540 Broadway
                                                 New York, NY 10036
                                                 212-858-1500
                                                 Kenneth.taber@pillsburylaw.com
                                                 Alexander.hardiman@pillsburylaw.com

**ATTORNEY FOR DEFENDANTS**
GURBIR GREWAL, in his official capacity as the State of New Jersey's Attorney General and MATTHEW DENN, in his official capacity as the State of Delaware's Attorney General

OF COUNSEL:

Joseph C. Handlon (DE ID # 3952)
Wilson B. Davis (DE ID #5154)
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

Lorraine Karen Rek
Melissa Medoway
New Jersey Attorney General's Office
124 Halsey Street
5th Floor
Newark, NJ 07102

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Casey Low*
Casey Low