IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 1:18-CV-637-RP |
| Plaintiffs, | § § § | |
| v. | § § | **Plaintiffs' Reply Brief in Support of Plaintiffs' Motion to Alter or Amend the Judgment** |
| GURBIR GREWAL, in his official capacity as New Jersey Attorney General; MICHAEL FEUER, in his official capacity as Los Angeles City Attorney; ANDREW CUOMO, in his official capacity as New York Governor; MATTHEW DENN, in his official capacity as Attorney General of the State of Delaware; JOSH SHAPIRO, in his official capacity as Attorney General of Pennsylvania; and THOMAS WOLF, in his official capacity as Pennsylvania Governor, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. file this reply in support of their motion to alter or amend the "Final Judgment" entered on January 30, 2019, Dkt. 102, which relates to the responses filed by Defendant Andrew Cuomo, Dkt. 103, Defendants Thomas Wolf and Josh Shapiro, Dkt. 104, Defendant Michael Feurer, Dkt. 105, and Defendants Gurbir Grewal and Matthew Denn, Dkt. 107.

Plaintiffs also respectfully submit that oral argument on this motion is not necessary, and that the Court should resolve the motion as soon as is practicable. *Cf. Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed while a timely Rule 59(e) motion is pending has no effect.").

**Argument**

*Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999), stands for the proposition that specific jurisdiction exists despite a "fortuity" excuse where, as here, "the actual content of communications with a forum gives rise to intentional tort causes of action." Dkt. 102 at 1. Just as in *Wien Air*, communications such as the cease-and-desist letter that Defendant Gurbir Grewal delivered into Texas were themselves a distinct tort—the constitutional tort Congress codified in 42 U.S.C. § 1983. *Id.* Such communications establish jurisdiction under the targeting rule upheld in *Calder v. Jones*, 465 U.S. 783 (1984).

The responses try to evade *Wien Air Alaska*'s iteration of *Calder*'s targeting principle. They contend that this case entails a different variety of tort than was at issue in *Wien Air Alaska*. That is, they argue that *Wien Air Alaska* applies only to the particular tort at issue in *Wien Air Alaska*, and none other. Defendant Cuomo, for example, says that *Wien Air Alaska* applies only to the tort of fraud ("fraudulent misrepresentations and promises that failed to disclose material information"). Dkt. 103 at 3-4. Likewise, Defendants Wolf and Shapiro argue that *Wien Air Alaska* applies only if "defendants communicated *false information*" into Texas. Dkt. 104 at 4 (emphasis in original). Defendant Feuer, Dkt. 105 at 3-4, and Defendants Grewal and Denn, Dkt. 107 at 3, take similar positions.

These evasive efforts are all incorrect because the existence of specific personal jurisdiction does *not* turn on the particular variety of tort that a communication delivers. Jurisdictionally, there is no difference between a fraudulent communication that violates state common law (*Wien Air Alaska*) and a censorship communication that violates the Constitution and 42 U.S.C. § 1983 (this case). In both instances, the communication itself constitutes the wrongdoing and suffices to establish minimum contacts—especially where, as in both this case and in *Calder*, the communication's content concerns forum activities.

The responses also contend that *Wien Air Alaska* conflicts with *Stroman*. But even if that were so, the Fifth Circuit's rule of orderliness would require the application of *Wien Air Alaska* because it predates *Stroman*. *See, e.g.*, *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) ("Indeed, in [*Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)], we specifically rejected the idea that later Supreme Court and other decisions that were not directly on point could alter the binding nature of our prior precedent.").

**Conclusion**

The motion should be granted. Plaintiffs respectfully submit that oral argument on this motion is not necessary, and that the Court should resolve the motion as soon as is practicable.

Date: March 7, 2019                               Respectfully submitted,

                                          BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores*
cflores@beckredden.com
State Bar No. 24059759
Daniel N. Hammond*
Texas State Bar No. 24098886
dhammond@beckredden.com
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

FARHANG & MEDCOFF
Matthew Goldstein*
mgoldstein@fmlaw.law
D.C. Bar No. 975000
4801 E. Broadway Blvd., Suite 311
Tucson, AZ 85711
(202) 550-0040 | (520) 790-5433 (fax)

Josh Blackman
joshblackman@gmail.com
Virginia Bar No. 78292
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

*Admitted *pro hac vice*

Attorneys for Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

On March 7, 2019, I served this filing on the following persons via CM/ECF:

>Counsel for Defendants Gurbir S. Grewal and Matthew Denn
>Ronald Casey Low
>Kenneth W. Taber
>Benjamin D. Tievsky
>
>Counsel for Defendant Michael Feuer
>Connie K. Chan
>James P. Clark
>Michael M. Walsh
>Jason P. Steed
>
>Counsel for Defendants Josh Shapiro and Thomas Wolf
>J. David Cabello
>John D. Kimball
>
>Counsel for Defendant Andrew Cuomo
>Pete Marketos
>Tyler Bexley
>
>Counsel for Plaintiffs
>Chad Flores
>Daniel N. Hammond
>Matthew A. Goldstein
>Joshua Michael Blackman

/s/ *Chad Flores*
Chad Flores