IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GURBIR GREWAL, in his official capacity as New Jersey Attorney General, MICHAEL FEUER, in his official capacity as Los Angeles City Attorney, ANDREW CUOMO, in his official capacity as New York Governor, MATTHEW DENN, in his official capacity as Attorney General of the State of Delaware, JOSH SHAPIRO, in his official capacity as Attorney General of Pennsylvania, *and* THOMAS WOLF, in his official capacity as Pennsylvania Governor, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | 1:18-CV-637-RP |

**<u>ORDER</u>**

On January 30, 2019, the Court granted Defendants' motions to dismiss this case, finding that the Court lacks personal jurisdiction over each Defendant. (Order, Dkt. 100). Now before the Court is Plaintiffs' motion to alter or amend that judgment. (Mot., Dkt. 102). Plaintiffs bring the motion under Federal Rule of Civil Procedure 59(e), arguing that the Court committed a "manifest error" (1) in concluding that it did not have specific jurisdiction over each Defendant and (2) in denying Plaintiffs jurisdictional discovery and leave to amend their complaint. (Mot., Dkt. 102, at 1). Having considered the parties' submissions, the record, and relevant law, the Court finds that the motion should be denied.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). The motion must "clearly establish either a

...

manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Relief is also appropriate where there has been an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), reconsideration is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

Plaintiffs' motion is meritless and attempts to relitigate issues this Court has already addressed. With respect to the Court's conclusion that it lacks specific jurisdiction over any Defendant in this case, Plaintiffs urge the Court to apply the Fifth Circuit's holding in *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999). (Mot., Dkt. 102, at 2–3). The court in that case held that the "tortious nature" of some "communications with a forum" can "constitute[ ] purposeful availment." *Wein Air*, 195 F.3d at 213. Plaintiffs clarify that *Wein Air* is an "iteration" of the "targeting principle" in *Calder v. Jones*, 465 U.S. 783 (1984). As an initial matter, Plaintiffs could have raised this argument before but did not do so—this alone is enough to deny their motion with respect to the specific jurisdiction issue. Moreover, the Court expressly addressed Plaintiffs' "targeting argument" and determined that under "*Stroman*, *Calder*, and *Walden*, Plaintiffs have failed to establish that any Defendant to this action has minimum contacts with the State of Texas." (Order, Dkt. 100, at 11).[1] Nothing in Plaintiffs' motion challenges that determination: Plaintiffs fail to discuss *Stroman* or *Walden* at all, much less any part of the Court's analysis of those cases or of

---

[1] *See Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008); *Walden v. Fiore*, 517 U.S. 277 (2014).

*Calder*. Thus, the Court finds that Plaintiffs have failed to show that they are entitled to the "extraordinary remedy" of reconsideration of the Court's specific jurisdiction judgment for three reasons: (1) Plaintiffs could and should have raised their *Wein-Air* specific jurisdiction argument before; (2) Plaintiffs do not make any new arguments that the Court has not already expressly addressed; and (3) Plaintiffs do not engage the Court's analysis of *Stroman*, *Walden*, and *Calder*, and have thus failed to demonstrate a "manifest error."

Similarly, Plaintiffs' argument that the Court committed a manifest error in not permitting them to obtain jurisdictional discovery or amend their complaint rests on an argument the Court has already addressed and rejected. First, Plaintiffs argue that the Court incorrectly concluded that it would be "futile" to permit jurisdictional discovery about Defendant Grewal's relationship with three gun-control groups involved in *Defense Distributed, et al., v. U.S. Dept. of State, et al.*, 1:15-CV-372-RP (W.D. Tex) (*Defense Distributed I*). (Mot., Dkt. 102, at 3). Plaintiffs base their jurisdictional discovery request on the theory that this case and *Defense Distributed I* arose out of the "same general transaction," and so if Grewal had an "agency relationship" with the gun-control groups involved in *Defense Distributed I* in Texas, he consented to this Court's personal jurisdiction in *this* case. (*See id.* 3–5 (quoting *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.] 2003, pet. denied))). This is the same argument Plaintiffs made before in their opposition to Defendants Grewal and Denn's motion to dismiss. (*See* Pls.' Resp. Grewal & Denn Mot. Dismiss, Dkt. 73, at 14). Although Plaintiffs now include extensive string cites providing the general rule for when prior litigation can serve as a basis for specific jurisdiction in subsequent litigation, this does not disguise the fact that Plaintiffs' argument is based on the same facts and authorities relied on in their previous attempt to obtain jurisdictional discovery. (*See* Mot., Dkt. 102, at 4–5 (citing previous docket entries and *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018)); Pls.' Resp. Grewal & Denn Mot. Dismiss, Dkt. 73, at 14 (citing same case)). Because Rule 59(e) "cannot be

3

used to raise arguments which could, and should, have been made before the judgment issued," *Rosenzweig*, 332 F.3d at 863–64 (5th Cir. 2003), and because Plaintiffs are simply trying to take another bite at the apple, the Court will not exercise its "considerable discretion" to grant the "extraordinary remedy" of reconsidering its decision to deny Plaintiffs' request for jurisdictional discovery, *Templet*, 367 F.3d at 479.[2]

Finally, Plaintiffs argue that the Court committed manifest error in not permitting them to amend their complaint. Plaintiffs' request to amend their complaint appears in the conclusion of their response to Defendants Grewal and Denn's motion to dismiss. (*See* Pls.' Resp. Grewal & Denn Mot. Dismiss, Dkt. 73, at 20). It reads: "In the event the Court grants the any [sic] of motions to dismiss in whole or in part, Plaintiffs request leave to amend their complaint to cure any defects." (*Id.* (citing *Rosenzweig*, 332 F.3d at 864)). However, "[a] bare request in an opposition to a motion to dismiss . . . without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion" for leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Plaintiffs' bare request "to cure any defects" contains no "indication of the particular grounds" for seeking leave to amend. *Id.* The Court therefore concludes that it did not commit manifest error in denying Plaintiffs leave to amend their complaint.

In sum, for the reasons given above, Plaintiffs have not shown that they are entitled to the extraordinary remedy of reconsideration of the Court's judgment (1) that it lacks personal jurisdiction over any Defendant to this action, or (2) to deny Plaintiffs' request for jurisdictional

---

[2] Plaintiffs also suggest that the Court applied the heightened "particularity" pleading standard of Federal Rule of Civil Procedure 9 rather than the general pleading standard under Rule 8 in concluding that Plaintiffs failed to allege sufficient facts to base personal jurisdiction on the purported relationship between Defendants and the gun-control groups involved in *Defense Distributed I*. (*See* Mot., Dkt. 102, at 5). Plaintiffs argue that "Rule 8 requires nothing but a 'short and plain statement of the grounds for the court's jurisdiction.'" (*Id.* (quoting Fed. R. Civ. P. 8(a)(1))). No such statement appears anywhere in Plaintiffs' complaint, and the Court found that Plaintiffs failed to allege *any* sort of relationship between the gun-control groups and *any* Defendant with respect this litigation. (Order, Dkt. 100, at 14). The Court thus reaffirms its conclusion that Plaintiffs failed to adequately plead this basis for personal jurisdiction under Rule 8. Plaintiffs have not demonstrated any "manifest error" in that conclusion.

discovery or for leave to amend their complaint. **IT IS THEREFORE ORDERED** that Plaintiffs' motion to alter or amend the judgment of the Court, (Dkt. 102), is **DENIED**.

**SIGNED** on July 1, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE