## SETTLEMENT AGREEMENT

Defense Distributed ("DD"), Second Amendment Foundation, Inc. ("SAF"), and Conn

Williamson (collectively, "Plaintiffs,") and the United States Department of State ("State"), the

Secretary of State, the Directorate of Defense Trade Controls ("DDTC"), the Deputy Assistant

Secretary, Defense Trade Controls, and the Director, Office of Defense Trade Controls Policy

(collectively, "Defendants"), out of a mutual desire to resolve all of the claims in the case

captioned *Defense Distributed, et al. v. Dep't of State, et al.*, Case No. 15-cv-372-RP (W.D.

Tex.) (the "Action") without the need for further litigation and without any admission of liability,

hereby stipulate and agree as follows:

Plaintiffs and Defendants do hereby settle all claims, issues, complaints, or actions

described in the case captioned, and any and all other claims, complaints, or issues that have

been or could have been asserted by Plaintiffs against Defendants in accordance with the

following terms and conditions:

1.      *Consideration*: In consideration of Plaintiffs' agreement to dismiss the claims in the

Action with prejudice as described in paragraph 2, below, Defendants agree to the following, in

accordance with the definitions set forth in paragraph 12, below:

      (a)      Defendants' commitment to draft and to fully pursue, to the extent authorized by

            law (including the Administrative Procedure Act), the publication in the Federal

            Register of a notice of proposed rulemaking and final rule, revising USML

            Category I to exclude the technical data that is the subject of the Action.

      (b)      Defendants' announcement, while the above-referenced final rule is in

            development, of a temporary modification, consistent with the International

Traffic in Arms Regulations (ITAR), 22 C.F.R. § 126.2, of USML Category I to
exclude the technical data that is the subject of the Action. The announcement
will appear on the DDTC website, www.pmddtc.state.gov, on or before July 27,
2018.

(c)     Defendants' issuance of a letter to Plaintiffs on or before July 27, 2018, signed by
the Deputy Assistant Secretary for Defense Trade Controls, advising that the
Published Files, Ghost Gunner Files, and CAD Files are approved for public
release (i.e., unlimited distribution) in any form and are exempt from the export
licensing requirements of the ITAR because they satisfy the criteria of 22 C.F.R. §
125.4(b)(13). For the purposes of 22 C.F.R. § 125.4(b)(13) the Department of
State is the cognizant U.S. Government department or agency, and the Directorate
of Defense Trade Controls has delegated authority to issue this approval.

(d)     Defendants' acknowledgment and agreement that the temporary modification of
USML Category I permits any United States person, to include DD's customers
and SAF's members, to access, discuss, use, reproduce, or otherwise benefit from
the technical data that is the subject of the Action, and that the letter to Plaintiffs
permits any such person to access, discuss, use, reproduce or otherwise benefit
from the Published Files, Ghost Gunner Files, and CAD Files.

(e)     Payment in the amount of $39,581.00.  This figure is inclusive of any interest and
is the only payment that will be made to Plaintiffs or their counsel by Defendants
under this Settlement Agreement. Plaintiffs' counsel will provide Defendants'

2

counsel with all information necessary to effectuate this payment.

The items set forth in subparagraphs (a) through (e) above constitute all relief to be provided in settlement of the Action, including all damages or other monetary relief, equitable relief, declaratory relief, or relief of any form, including but not limited to, attorneys' fees, costs, and/or relief recoverable pursuant to 2 U.S.C. § 1302, 2 U.S.C. § 1311, 2 U.S.C. § 1317, 22 U.S.C. § 6432b(g), 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and the Local Rules.

2.    *Dismissal with Prejudice:* At the time of the execution of this Settlement Agreement, Plaintiffs agree to have their counsel execute and provide to Defendants' counsel an original Stipulation for Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and 41(a)(1)(B).  Counsel for Defendants agree to execute the stipulation and file it with the Court in the Action, no sooner than 5 business days after the publication of the announcement described in Paragraph 1(b) of this Settlement Agreement and issuance of the letter described in Paragraph 1(c) of this Settlement Agreement. A copy of the Stipulation for Dismissal with Prejudice is attached hereto.

3.    *Release:* Plaintiffs, for themselves and their administrators, heirs, representatives, successors, or assigns, hereby waive, release and forever discharge Defendants, and all of their components, offices or establishments, and any officers, employees, agents, or successors of any such components, offices or establishments, either in their official or

3

individual capacities, from any and all claims, demands and causes of action of every kind, nature or description, whether currently known or unknown, which Plaintiffs may have had, may now have, or may hereafter discover that were or could have been raised in the Action.

4.    *No Admission of Liability:* This Settlement Agreement is not and shall not be construed as an admission by Defendants of the truth of any allegation or the validity of any claim asserted in the Action, or of Defendants' liability therein. Nor is it a concession or an admission of any fault or omission in any act or failure to act. Nor is it a concession or admission as to whether the monetary or equitable relief, attorneys' fees, costs, and expenses sought by Plaintiffs in the Action, are reasonable or appropriate. None of the terms of the Settlement Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action other than proceedings permitted by law, if any, that may be necessary to consummate or enforce this Settlement Agreement. The terms of this Settlement Agreement shall not be construed as an admission by Defendants that the consideration to be given hereunder represents the relief that could be recovered after trial. Defendants deny that they engaged in *ultra vires* actions, deny that they violated the First Amendment, Second Amendment, or Fifth Amendment of the United States Constitution, and maintain that all of the actions taken by Defendants with respect to Plaintiffs comply fully with the law, including the United States Constitution.

5.  *Merger Clause:* The terms of this Settlement Agreement constitute the entire agreement of Plaintiffs and Defendants entered into in good faith, and no statement, remark, agreement or understanding, oral or written, which is not contained therein, shall be recognized or enforced. Plaintiffs acknowledge and agree that no promise or representation not contained in this Settlement Agreement has been made to them and they acknowledge and represent that this Settlement Agreement contains the entire understanding between Plaintiffs and Defendants and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. Nor does the Parties' agreement to this Settlement Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of the Action, and to resolve the Action without the time and expense of further litigation.

6.  *Amendments:* This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

7.  *Binding Successors*: This Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs and Defendants, and their respective heirs, executors, successors, assigns and personal representatives, including any persons, entities, departments or agencies succeeding to the interests or obligations of the Parties.

8.   *Consultation with Counsel:* Plaintiffs acknowledges that they have discussed this
     Settlement Agreement with their counsel, who has explained these documents to them
     and that they understand all of the terms and conditions of this Settlement Agreement.
     Plaintiffs further acknowledge that they have read this Settlement Agreement, understand
     the contents thereof, and execute this Settlement Agreement of their own free act and
     deed. The undersigned represent that they are fully authorized to enter into this
     Settlement Agreement.

9.   *Execution:* This Settlement Agreement may be executed in one or more counterparts,
     each of which shall be deemed an original, and all of which together constitute one and
     the same instrument, and photographic copies of such signed counterparts may be used in
     lieu of the original.

10.  *Jointly Drafted Agreement:* This Settlement Agreement shall be considered a jointly
     drafted agreement and shall not be construed against any party as the drafter.

11.  *Tax and Other Consequences:* Compliance with all applicable federal, state, and local tax
     requirements shall be the sole responsibility of Plaintiffs and their counsel. Plaintiffs and
     Defendants agree that nothing in this Settlement Agreement waives or modifies federal,
     state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this

6

Settlement Agreement or the settlement proceeds, and that Plaintiffs are executing this Settlement Agreement without reliance on any representation by Defendants as to the application of any such law.

12.    *Definitions*: As used in this Settlement Agreement, certain terms are defined as follows:

-    The phrase *"Published Files"* means the files described in paragraph 25 of Plaintiffs' Second Amended Complaint.

-    The phrase *"Ghost Gunner Files"* means the files described in paragraph 36 of Plaintiffs' Second Amended Complaint.

-    The phrase *"CAD Files"* means the files described in paragraph 40 of Plaintiffs' Second Amended Complaint.

-    The phrase *"Other Files"* means the files described in paragraphs 44-45 of Plaintiffs' Second Amended Complaint.

-    The phrase *"Military Equipment"* means (1) Drum and other magazines for firearms to .50 caliber (12.7 mm) inclusive with a capacity greater than 50 rounds, regardless of jurisdiction of the firearm, and specially designed parts and components therefor; (2) Parts and components specially designed for conversion of a semi-automatic firearm to a fully automatic firearm; (3) Accessories or attachments specially designed to automatically stabilize aim (other than gun rests) or for automatic targeting, and specially designed parts and components therefor.

-    The phrase *"technical data that is the subject of the Action"* means: (1) the Published Files; (2) the Ghost Gunner Files; (3) the CAD Files; and (4) the Other Files insofar as those files regard items exclusively: (a) in Category I(a) of the United States Munitions List (USML), as well as barrels and receivers covered by Category I(g) of the USML that are components of such items; or (b) items.

7

covered by Category I(h) of the USML solely by reference to Category I(a), excluding Military Equipment.

Dated: June 29, 2018

Dated: June 29, 2018

Matthew A. Goldstein
Snell & Wilmer LLP
One South Church Ave. Ste. 1500
Tucson, Arizona 85701
*Counsel for Plaintiffs*

Dated: June 29, 2018

Eric J. Soskin
Stuart J. Robinson
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel. (202) 353-0533

*Counsel for Defendants*

8