IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORIATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy,<br><br>and<br><br>GURBIR GREWAL, Attorney General of the State of New Jersey<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | Case No. 1:18-CV-637<br><br><br><br>PLAINTIFFS' RESPONSE TO DEFENDANT GURBIR S. GREWAL'S OPPOSED MOTION FOR AN EXTENSION OF THE PAGE LIMIT |

Defense Distributed and Second Amendment Foundation, Inc. ("SAF") file this response to Defendant Gurbir S. Grewal's Opposed Motion for an Extension of the Page Limit, Dkt. 120.

## Response

This action's defendants include both New Jersey Attorney General Gurbir Grewal *and* the State Department and its officials. Grewal's motion seeks relief that impacts not just Defense Distributed and SAF, but *also* the State Department and its officials. Namely, Grewal's motion seeks to alter the procedures by which the Court determines whether to sever Defense Distributed and SAF's case against Grewal from Defense Distributed and SAF's case against the State Department and its officials. The State Department and its officials have a substantial interest in the issue of whether to sever their part of the action from Grewal's,[1] and the State Department and its officials therefore also have a substantial interest in the issue of how severance is litigated. Yet Grewal failed to confer with the State Department and its officials about the motion, as is required by Local Rule CV-7. The Court should not grant Grewal's request unless and until he complies with Local Rule CV-7 as to *all parties* the request implicates. The current motion should therefore be denied, leaving Grewal free to refile if/when he complies with the conference requirement as to all impacted parties.

## Conclusion

The motion should be denied.

---

[1] Many reasons for the State Department to oppose severance exist. They include but are not limited to (1) the need for unified litigation of the common transactions and occurrences that the action's claims arise out of, *see* Dkt. 117 at 9, ¶ 34 ("Grewal and the State Department can be permissively joined as defendants in this action because the claims against them are with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."), (2) the need for unified litigation of the common questions of law and fact that will arise in the action, *see id.* at 10, ¶ 35 ("Grewal and the State Department can be permissively joined as defendants in this action because questions of law and/or fact common to all defendants will arise in the action."), (3) the need for Grewal to designate the State Department a "necessary party" as he did to Defense Distributed and SAF in *Washington v. United States Dep't of State*, No. C18-1115RSL, 2018 WL 5921011, at *1 (W.D. Wash. Nov. 13, 2018), and (4) the need for unified litigation of counterclaims, offsets, and affirmative defenses that the State Department may assert against Grewal (or vice versa), which cannot be possibly determined until at least a full set of answers have been filed.

          Respectfully submitted,

          BECK REDDEN LLP
          By /s/ Chad Flores
          Chad Flores
          cflores@beckredden.com
          State Bar No. 24059759
          Daniel Nightingale
          dhammond@beckredden.com
          State Bar No. 24098886
          Hannah Roblyer
          hroblyer@beckredden.com
          State Bar No. 24106356
          1221 McKinney St., Suite 4500
          Houston, TX 77010
          (713) 951-3700 | (713) 952-3720 (fax)

          FARHANG & MEDCOFF
          Matthew Goldstein
          mgoldstein@farhangmedcoff.com
          D.C. Bar No. 975000
          4801 E. Broadway Blvd., Suite 311
          Tucson, AZ 85711
          (202) 550-0040 | (520) 790-5433 (fax)

          Josh Blackman
          joshblackman@gmail.com
          Texas Bar No. 24118169
          1303 San Jacinto Street
          Houston, TX 77002
          (202) 294-9003 | (713) 646-1766 (fax)

          Attorneys for Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing document was served on all parties and/or counsel of record through a manner authorized by Federal Rule of Civil Procedure 5(b) on November 25, 2020.

          /s/ Chad Flores
          Chad Flores