Nos. 19-1729 & 19-3182

In the United States Court of Appeals
for the Third Circuit

Defense Distributed, Second Amendment Foundation, Inc., Firearms Policy Coalition, Inc., Firearms Policy Foundation, Calguns Foundation, California Association of Federal Firearms Licensees, Inc., and Brandon Combs,

Plaintiffs-Appellants,

v.

Gubir Grewal, Attorney General of the State of New Jersey,

Defendant-Appellee.

Appeal from the United States District Court for the
District of New Jersey; No. 3:19-CV-4753

**Defendant-Appellees' Brief in Opposition to
Petition for Rehearing En Banc**

Gubir S. Grewal
Attorney General of New Jersey
Glenn J. Moramarco
Assistant Attorney General
Office of the Attorney General
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625
Counsel for Defendant-Appellee

# Table of Contents

Table of Contents ................................................................................................ i

Table of Authorities ........................................................................................... ii

Introduction ........................................................................................................ 1

Factual Background .......................................................................................... 2

Legal Argument ................................................................................................. 5

    I.     The Challenged Jurisdictional Holding Was Correct………………….5

    II.    Even if the Challenged Jurisdictional Holding Is Incorrect, This Case Plainly Does Not Merit En Banc Review .............................................. 10

Conclusion ....................................................................................................... 16

# Table of Authorities

**Cases**

*Chavez v. Dole Food Co.*,
  836 F.3d 205 (3d Cir. 2016) ................................................................................4

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941) ..............................................................................11

*EEOC v. Univ. of Pa.*,
  850 F2d 969  (3d Cir. 1988) ..............................................................................11

*Gold v. Johns-Manville Sales Corp.*,
  723 F.2d 1068, 1072 (3d Cir. 1983) ....................................................................6

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) ..............................................................................................6

*In re Pressman-Gutman Co., Inc.*,
  459 F.3d 383 (3d Cir. 2006) ................................................................................6

*Rolo v. General Development Corp.*,
  949 F.2d 695 (3d Cir. 1991) ................................................................................7

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007) ................................................................................7

**Statutes**

N.J. Stat. Ann. 2C:39-9 ......................................................................................1, 3

28 U.S.C. § 1291 ....................................................................................................9

28 U.S.C. § 1292 ....................................................................................................9

**Introduction**

This Court should deny Appellants' request to rehear *en banc* an unpublished, one-paragraph order dismissing their appeal. Denial is warranted for either or both of two reasons. First, the dismissal was proper. Second, even if the panel had erred, which it did not, there is no basis for *en banc* review. The facts giving rise to this appeal are so unique that they are unlikely to recur, there is no inter-circuit or intra-circuit split, and there is no injustice resulting from the District Court's eminently reasonable decision to stay the underlying case while Appellants continue to pursue the same relief in the Fifth Circuit Court of Appeals.

The underlying case involves a challenge in the District of New Jersey to a state law that prohibits the distribution of downloadable computer files that allow the recipients—including terrorists, felons, and domestic abusers—to automatically create dangerous and untraceable plastic firearms on readily-available 3D printers. *See* N.J.S.A. 2C:39-9(*l*)(2). Importantly, at this stage of the litigation, Appellants are seeking to challenge this law in two federal courts at the same time. The first-filed case was in the Western District of Texas, and the second-filed case, which is the subject of this appeal, was filed in the District of New Jersey.

The New Jersey District Court, following well-settled Third Circuit precedent, stayed the proceedings in New Jersey while the prior litigation in Texas continues. It is entirely under Appellants' control to lift that stay. If they abandon their litigation

1

in Texas, the New Jersey District Court will entertain their claims for relief, as the Court made clear. The stay thus did not effectively deny them relief; rather, it put them to the choice to proceed in New Jersey or in Texas, and simply prevented them from seeking the same relief in two federal jurisdictions at once. Simply put, this appeal does not address issues involving whether and how the First Amendment should apply when a State regulates computer files that instruct readily-available 3D printers to construct dangerous, unregistered, and untraceable firearms,[1] and instead turns only on whether and when a District Court may stay duplicative lawsuits.

**Factual Background**

In July 2018, Appellants Defense Distributed and the Second Amendment Foundation ("SAF") filed a complaint against Appellee and other state and local officials in the District Court for the Western District of Texas ("the Texas Action"), seeking declaratory and injunctive relief permitting the widespread dissemination of computer files that direct the automatic manufacture of dangerous firearms and firearm components using a 3D printer. (No. 1:18-00637, Dkt. 1.)

---

[1] Despite the florid language in the Petition for Rehearing En Banc, the New Jersey Attorney General is not trying to prevent Appellants "from merely *speaking* about Second Amendment issues," Br. at 1 (emphasis in original), or jail them for "dar[ing] to utter the banned words," *id*. This case does not involve any restriction on uttering words. Rather, it involves a New Jersey law that prevents the willful dissemination into New Jersey of computer files designed to allow *anyone* to print fully functioning firearms and that therefore pose a grave risk to public safety.

2

Effective November 8, 2018, New Jersey made it illegal to manufacture or facilitate the manufacture of firearms or firearm components using a 3D printer. N.J. Stat. Ann. § 2C:39-9(*l*)(2) ("Section 3(*l*)(2)"). The next day, Appellants Defense Distributed and SAF filed a motion in the Texas Action, seeking a temporary restraining order ("TRO") enjoining Section 3(*l*)(2) from going into effect. (No. 1:18-00637, Dkt. 52.) The court denied that TRO motion. (Dkt. 53.) On December 4, 2018, Appellants filed a second motion for a TRO and a motion for preliminary injunction ("PI"), again seeking to enjoin Section 3(*l*)(2). (Dkt. 66 & 67.) The court denied these motions as well. (Dkt. 69, 101.) On January 30, 2019, the Texas court dismissed the case, reasoning that Defense Distributed and SAF failed to establish personal jurisdiction over the defendants. (No. 1:18-00637, Dkt. 101.)

On February 5, 2019, Appellants filed a complaint against the New Jersey Attorney General ("NJAG") in the District of New Jersey ("the New Jersey Action") seeking, among other things, the same relief they sought in Texas—a declaration that Section 3(*l*)(2) is unconstitutional. (No. 3:19-04753, Dkt. 1.) On February 20, 2019, Appellants sought a PI enjoining enforcement of Section 3(*l*)(2). (Dkt. 18-1.) Despite having just sought relief in the District of New Jersey, on February 27, 2019, Appellants Defense Distributed and SAF still filed a Motion to Alter or Amend the Judgment in the Texas Action, trying to revive its claims regarding Section 3(*l*)(2)'s constitutionality in that forum as well. (No. 1:18-00637, Dkt. 102.)

3

On March 3, 2019, Appellee NJAG requested a stay of all proceedings in the New Jersey Action because, by filing the Motion to Alter or Amend the Judgment in the Texas Action, Appellants were seeking to challenge the exact same law in two forums at the same time, in plain violation of well-settled law. (No. 3:19-04753, Dkt. 20 (citing, *e.g., Chavez v. Dole Food Co.*, 836 F.3d 205, 220 (3d Cir. 2016).) On March 7, 2019, following oral argument, the District Court agreed with the NJAG's position and entered an Order ("the Stay Order") staying all proceedings in the New Jersey action pending resolution of Appellants Defense Distributed and SAF's case in the Western District of Texas. (Dkt. 26.) The NJAG confirmed in writing that the State would consent to the stay being lifted if Defense Distributed and SAF withdrew their motion seeking to reopen the Texas litigation or that motion was denied and (i) Defense Distributed and SAF provided written confirmation that they would not appeal or (ii) the time for them to file a notice of appeal expired.

Appellants chose not to abandon their Texas lawsuit. Instead, after the Texas Court denied their Motion to Alter or Amend the Judgment, Appellants filed a notice of appeal with the Fifth Circuit, challenging the Texas Court's final order dismissing their lawsuit against Appellee NJAG. The parties are currently briefing that appeal before the Fifth Circuit, and the NJAG's brief is due on January 22, 2020.

While simultaneously continuing to litigate this suit against New Jersey in the Fifth Circuit, Appellants filed a notice of appeal from the District Court's Stay Order

in the New Jersey Action. (No. 3:19-04753, Dkt. 28). This Court *sua sponte* issued an order requesting written responses on the issue of appellate jurisdiction. After the parties' written responses were referred to the merits panel, the NJAG filed a motion for summary action. *See* C.A.3 Nos. 19-1729 & 19-4753 (Appellee's Motion filed Oct. 16, 2019). The motion for summary affirmance explained that it is legally improper for Appellants to force the State to defend the constitutionality of New Jersey's law in the Fifth Circuit and the Third Circuit at the same time, and that the District Court's discretionary grant of a stay was entirely justified under the well-established "first-filed rule," which strongly discourages parallel federal court litigation of the same issues between the same parties.

On November 21, 2019, this Court issued a one-paragraph non-precedential order dismissing the appeals for lack of appellate jurisdiction and dismissed Appellee's Motion for Summary Affirmance as moot. The Honorable Peter J. Phipps dissented in a footnote, noting that he "would hold that the Court has jurisdiction to hear the appealed district court orders and Motion for Summary Affirmance."

## Legal Argument

### I. The Challenged Jurisdictional Holding Was Correct.

Although Appellants accept that the District Court's order granting a stay of proceedings is not an appealable "final" order under 28 U.S.C. § 1291, Appellants erroneously contend that the District Court's non-final order staying the proceedings

5

is still appealable under 28 U.S.C. § 1292(a)(1), which permits appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions." Appellants, however, misunderstand both that statute and this Court's precedents.

This Court has jurisdiction under § 1292(a)(1) only where a judgment has "the practical effect of granting or denying [an] injunction." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-88 (1988); *see also Gold*, 723 F.2d at 1072. For purposes of § 1292(a)(1), an "injunction" is "an order [1] directed to a party, [2] enforceable by contempt, and [3] designed to accord or protect some or all of the substantive relief sought by the complaint in more than a [temporary] fashion." *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 392 (3d Cir. 2006) (internal quotations omitted). Appellants carry a "heavy burden" in establishing jurisdiction under § 1292(a)(1), which is "strictly constru[ed]" in order to prevent an onslaught of appeals challenging pretrial orders and "frustrat[ing] the policy against piecemeal appeals." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1072 (3d Cir. 1983).

That proves fatal for Appellants, because the District Court's Stay Order is neither literally, nor functionally, a denial of Appellants' motion for a preliminary injunction. The Stay Order is not designed to provide or deny the relief requested in the complaint. By staying all proceedings in the District of New Jersey, the Order is simply directing Appellants to choose a single forum in which to litigate their claims, either Texas or New Jersey, but not both. *See Chavez*, 836 F.3d at 220 (noting that

6

Third Circuit "abstention jurisprudence has long directed district courts to stay [] potentially duplicative lawsuits" and "in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit."). Indeed, the fact that it is entirely within Appellants' control to get the stay lifted and obtain a ruling in New Jersey on their motion for a preliminary injunction confirms that no motion for a preliminary injunction was, in fact, denied.

Appellants' petition for rehearing en banc relies heavily on *Rolo v. General Development Corp.*, 949 F.2d 695 (3d Cir. 1991), and *Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007), but both are readily distinguishable. In *Rolo*, this Court held that an order staying the plaintiffs' motion for a preliminary injunction barring two defendants from liquidating their assets was appealable under § 1292(a)(1) because this Court found that (1) the order had the practical effect of denying the plaintiffs' motion, (2) might cause serious, irreparable harm, and (3) could be effectively challenged only by immediate appeal. *Id.* at 697, 702-03. Under the narrow exception created for interlocutory appeals under § 1292(a)(1), all of those factors must be present, *Rolo*, 949 F.2d at 703, and none of them are present here.

First, the District Court's stay order does not effectively deny Appellants' motion for a preliminary injunction. Unlike in *Rolo*, where plaintiffs were seeking relief against defendants only in the District of New Jersey, and a stay effectively denied their motion and precluded them from obtaining injunctive relief anywhere,

7

here Appellants are litigating the same case against Appellee in two jurisdictions. The stay order, which is without prejudice, does not deny Appellants' motion, but instead requires that Appellants choose which federal judicial forum they want to use, at least initially, to litigate their claims.

Second, the Stay Order will not cause "serious, perhaps irreparable" harm. *See id.* at 702 (internal quotations omitted). In *Rolo*, staying plaintiffs' preliminary injunction motion deprived them of *any* opportunity to preserve defendants' assets. That is not the case here. Appellants already did seek a preliminary injunction in Texas, which was denied. And they are continuing to seek vindication for their alleged constitutional harms in the Texas Action, where they first chose to litigate these claims. If they desire the opportunity to seek more immediate relief in the District of New Jersey, Appellants can voluntarily abandon their case in the Fifth Circuit and litigate their claim for injunctive relief here. The asserted harm is reparable through an action Appellants themselves can take.

Third, for the reasons noted above, Appellants cannot demonstrate that the District Court's stay order was an effective denial that can be remedied only by an immediate appeal. As noted, Appellants can continue to litigate their case against Section 3(*l*)(2) in the Texas Action, or they can drop the Texas Action and litigate their case in New Jersey. They simply cannot do both at the same time. This is not a situation where *only* an immediate appeal can serve to vindicate their legal rights.

*Victaulic* (which Appellants cite for the first time on rehearing) likewise is not controlling. *Victaulic* concluded that an order that has the practical effect of refusing an injunction is not subject to appeal under §1292(a)(1) unless the order has "serious consequences" and "immediate appeal must be the only means of effective challenge." *Id*. at 232. As demonstrated above, immediate appeal of the District Court's order is not the only means of effective challenge here. The Appellants are challenging New Jersey's law in Texas, and they can challenge the very same law in New Jersey if they choose to litigate there instead.[2]

Despite Appellants' contention that *Rolo* and *Victaulic* are indistinguishable from this case, neither one involved either of the two crucial facts that make appellate jurisdiction inappropriate here. In neither case were appellants able to lift the stay through their voluntary actions, and in neither were they simultaneously pursuing remedies in another federal court. As a result, the non-precedential order below does not conflict with any decision of this Court.

For these reasons, this Court properly dismissed these appeals.

---

[2] Appellants contend that "*Victaulic* held an injunction denial appealable even where 'similar relief is hypothetically possible' elsewhere," via another proceeding. Br. 13. It did not. Rather, the defendants in *Vitaulic* argued that interlocutory appeal was improper because the relief the plaintiff was seeking could result from an unresolved claim remaining in the case, not from hypothetical other cases. 499 F.3d at 233. This Court disagreed that the remaining claim was central to the relief the plaintiff was seeking. *Id*. In any event, the Texas Action is not a hypothetical, it is ongoing.

9

## II. Even If The Challenged Jurisdictional Holding Is Incorrect, This Case Plainly Does Not Merit *En Banc* Review.

Even if the challenged jurisdictional holding is incorrect, which it is not, there are at least four reasons why this Court should decline to grant rehearing *en banc*. First, rehearing *en banc* is reserved for questions of "exceptional importance" and circumstances when full court review "is necessary to secure or maintain uniformity of its decisions." Third Circuit I.O.P. 9.3.1; *see also* Third Circuit L.A.R. 35.1. The issues presented by an unpublished, one-paragraph order dismissing an appeal from a non-final order staying a case during the pendency of other related federal court litigation does not meet that high standard. That is especially true where, as here, the Appellants have it within their power to lift the stay and seek relief in the District of New Jersey, when they so choose.

Second, there is no pressing need for this Court to grant *en banc* review while Appellants are litigating their challenge to the New Jersey law in the Fifth Circuit. For all the same prudential reasons that the District Court exercised its discretion to stay this case pending the outcome of the Texas Action, this Court likewise should stay its hand and allow the Fifth Circuit, in the first instance, to adjudicate the claims presented. Appellants cry "crocodile tears" when they bemoan the length of time they have waited for the District of New Jersey to adjudicate their claims. The lengthy delay has resulted solely from Appellants' own decision not to abandon their Texas Action—litigation in which they have repeatedly sought extensions of time

10

for their briefing. *See* CTA5 No. 19-50723 (motions for 30-day extensions dated 9/16/2019 & 10/16/2019). Appellants want two simultaneous bites at the apple, and this Court should not so indulge them.

Third, even if this Court erred in denying jurisdiction, this appeal may be dismissed on alternative grounds. Appellee has filed a motion for summary action, which this Court denied as moot after finding there is no appellate jurisdiction. So resolving the jurisdictional issue in Appellants' favor will not change the ultimate result. As Appellee's motion explains, assuming jurisdiction exists, the remaining question on appeal is whether the District Court abused its discretion by staying the case in light of the well-settled first-filed rule.[3] It did not; the District Court acted well within its discretion in granting a stay pending the termination of the Texas

---

[3] The first-filed rule, this Court has explained, "is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez*, 836 F.3d at 210. The rule gives second-filed courts the authority to "stay, transfer, or dismiss the case before it." *Id.* Indeed, this Court held, "in the vast majority of cases, a court exercising its discretion under the first-filed rule *should* stay or transfer a second-filed suit." *Id.* at 220 (emphasis added). That makes sense: "Because a stay confines litigants to the first forum until proceedings there have concluded, a stay will generally avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts." *Id.*; *see also, e.g., EEOC v. Univ. of Pa.*, 850 F2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."), *aff'd* 493 U.S. 182 (1990); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) (same).

11

Action. It follows that, even if there was a jurisdictional error in this case, it was harmless.

## Conclusion

Fourth and finally, given the pendency of the Fifth Circuit appeal, for which briefing is almost completed, there is a substantial likelihood that, even if this Court were to grant *en banc* review, the issue on appeal here may become moot because the stay in the District of New Jersey will be lifted once the Texas Action is completed. It seems unlikely that this Court's *en banc* review would be completed prior to the Fifth Circuit's consideration of Appellants' pending appeal.

For all of these reasons, the Petition for Rehearing *En Banc* should be denied.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s *Glenn J. Moramarco*
Glenn J. Moramarco
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), as well as L.A.R. 31.1(c), I certify that:

1. This brief contains 3,012 words, excluding the parts of the brief exempted by Fed. R. App. P. 32.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 word-processing system in Times New Roman, 14 point font.

3. The electronic brief has been scanned for viruses with a virus protection program, McAfee VirusScan Enterprise + Antispyware Enterprise, version 8.8.0, and no virus was detected.

By: /s *Glenn J. Moramarco*
Glenn J. Moramarco

## CERTIFICATE OF SERVICE

I certify that on January 9, 2020, the foregoing Appellees' Opposition To Appellants' Petition for Rehearing En Banc was electronically filed with the clerk of the court with the United States Court of Appeals for the Third Circuit through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

By: /s *Glenn J. Moramarco*
      Glenn J. Moramarco